## BOGERT *vs.* MORSE.

It seems, that where one party receives money from another, and there is no explanation of the fact, the presumption is that he receives it because it is his due, and not by way of loan.

But where a witness testified, that he asked the defendant if he had had any money of the plaintiff, and the defendant replied that he had had twenty dollars of him, and the *witness then told the defendant that the plaintiff had requested the witness to speak to him about it, to which the defendant made no reply, but turned away;* HELD, that a jury might infer from this evidence that the money was received by way of a loan, and the jury having so found, that their verdict in a justice's court was conclusive.

ON error from the supreme court. Morse sued Bogert in a justice's court for money lent. The cause was tried by a jury, and on the trial a witness called for the plaintiff testified that at the request of the plaintiff he went to see the defendant about some money lent; that he asked the defendant if he had had some money of the plaintiff; the defendant replied that he had had twenty dollars of him; the witness then said to him that the plaintiff had requested the witness to speak to him about it; that the defendant made no reply to this observation, but turned away. There was no other evidence in the case, and the defendant requested the justice to nonsuit the plaintiff. The justice refused to do so, and submitted the evidence to the jury, who found a verdict in favor of the plaintiff for the $20, on which the justice entered judgment. The defendant removed the

judgment by *certiorari* into the common pleas of Yates county where the judgment was reversed. The plaintiff then brought error into the supreme court, where the judgment of the common pleas was reversed and that of the justice affirmed. The following is the opinion of the supreme court.

*By the Court,* BRONSON, Ch. J. What the plaintiff said to the witness was not communicated to the defendant, and must therefore be laid out of view. The proof then stands thus : The witness went to the defendant's store and asked him if he had had any money of the plaintiff. The defendant said he had had twenty dollars of him. Upon this proof, without any thing more, the fair and reasonable inference is that the defendant received the money because it was due to him, and not by way of a loan. When one man delivers a sum of money to another, if there be nothing else to explain the transaction, the legal presumption always is that the money belonged to the one who received it, and not that he thereby became a debtor to the other. ( *Welch* v. *Seaborn,* 1 *Stark. R.* 474.) But the plaintiff thinks his case is helped by what followed. After the defendant said he had had twenty dollars, the witness said to him—the plaintiff told me to speak to you about it. The defendant made no reply, but turned around and went into the store. I feel some difficulty in saying that this made out a *prima facie* case for the plaintiff. If the money was received because it was due to the defendant, he would understand from what the witness said that the plaintiff wished to obtain evidence of the payment; and as that admission had already been made, there was no occasion for a reply. Nothing was said about a loan ; and the facts proved are about as consistent with the supposition that the defendant received the money as' a creditor, as that he received it as a debtor. The plaintiff holds the affirmative ; and must show that it was a loan. It is not enough for him to make out a balanced case, and then leave it to a jury to guess at the truth.

Although my brethren agree in this rule, they think that the scales were turned in favor of the plaintiff; that the act of the

defendant in turning away without a reply, when he was told that the witness had been directed to speak to him about the money, furnished some evidence that he received the money as a loan, and so made out a proper case for the consideration of the jury. On reflection, I shall not dissent from that view of the case. If there was enough to carry the cause to the jury, their decision was final. The judgment of the common pleas must therefore be reversed, and that of the justice affirmed. ·

The cause was argued in this court by *E. Van Buren*, for plaintiff in error; and *B. W. Franklin*, for defendant in error.

After advisement the court were of opinion that the evidence was proper for the consideration of the jury, and the jury having found that the money was received by the defendant as a loan, that the common pleas erred in reversing the judgment of the justice. The judgment of the supreme court was therefore affirmed.