1. MONEY LENT—PARENT AND CHILD—IMPLIED CONTRACTS.

The law will not imply a contract by a mother to repay money advanced to her by a son while he was a member of her family, and was provided with board and lodging and the advantages of a home with her.

2. SAME—PRESUMPTIONS.

One cannot recover back money which he has paid another with the tacit understanding that repayment will not be required.

3. SAME—EVIDENCE.

Proof that money was paid to another is insufficient to sustain a judgment against him therefor, the presumption being that the money belonged to him.

4 SAME—DECLARATIONS OF MOTHER.

Declarations of a deceased mother that her son was good to her, and had given her nearly all his wages and was her main support, are evidence that the wages were paid to her to help maintain the home, and not that she understood them to be loans for which she or her estate would be liable.

In the matter of the estate of Mary Delaney, deceased, Thomas Delaney filed a claim for money loaned to decedent in her lifetime. Disallowed.

C. S. Dwinnells, for claimant.
J. R. & Dana L. Jewell, for administratrix.

DAVIE, S. A decree was heretofore made directing the sale of the real estate of decedent for payment of her debts. The son, Thomas Delaney, did not appear in such proceedings, although

served with citation, until the day fixed for the distribution of the proceeds of such sale. He then appeared, and filed a claim against the estate for the sum of $2,800 for money alleged to have been by him loaned to, and advanced for the use and benefit of, decedent. The materials facts, as disclosed by the evidence, are as follows: Decedent died intestate October 9, 1896, possessing no personal estate, except a small quantity of household furniture, but seised of real estate, consisting of the house and lot in the city of Olean, where she resided, of the value of $2,000, and a small and comparatively unproductive farm, worth $500. The husband of decedent died several years prior to her death, and from the date of his death the family consisted of the widow, two sons, William and Thomas, the claimant, a daughter, Maggie, and a minor grandson, Lewie, whose father, Michael Delaney, died in 1895, and seems to have been largely maintained from the earnings of the sons. The claimant is unmarried, 34 years of age, a mason by trade, and has always made his home with the decedent. It is undoubtedly true that, when employed, the claimant used a considerable portion of his earnings in the support and maintenance of the family. Aside from the proof of specific payments to decedent by claimant, in various sums, aggregating about $200, the claimant rests his case upon proof inferential in its character as to the extent of the claimant's employment, his wages, his good habits, and declarations on part of the decedent expressive of gratitude and appreciation for what claimant had done for her, and, generally, to the effect that she depended largely on this son for her support. There is a total lack of proof of any express agreement on part of the decedent to repay these moneys to the claimant. The question then to be determined is as to whether the law will imply such promise and obligation from the circumstances surrounding the transaction. There is nothing in the evidence to relieve the claim from the well-recognized principles that where demands are withheld during the lifetime of an alleged debtor, and sought to be enforced against his estate, they should be carefully scrutinized, and allowed only on clear and satisfactory proof. Kearney v. McKeon, 85 N. Y. 139. The conditions under which these moneys were advanced by the claimant throw grave doubts on his right to recover therefor. During the entire period covered by his account, he was a member of decedent's family,—provided with board, lodging, and the advantages of a home with her. Where the relations existing between parties are such that it is evident that the acts performed were mere matters of gratuitous kindness and affection, in consequence of reciprocal obligations and advantages, without expectation of pecuniary compensation, the law will not imply a promise to pay. A person cannot perform services, intending them to be gratuitous, and with a tacit understanding that no pecuniary charge is to be made, and afterwards recover on a quantum meruit for the same. Moore v. Moore, 3 Abb. Dec. 312; In re Stewart, 21 Misc. Rep. 412, 47 N. Y. Supp. 1065. The reasons and necessities for this rule are equally applicable to money advanced as to services rendered.

But there are other insurmountable objections to a recovery in this case. Proof of the mere fact of payment of money by one person to another is not sufficient to maintain an action therefor. Where one man delivers a sum of money to another, if there is nothing else to explain the transaction, the legal presumption always is that the money belonged to the one who received it, and not that he thereby became the debtor of the other. Bogert v. Morse, 1 N. Y. 377; Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405; Welch v. Seaborn, 1 Starkie, 474.

It was conceded on the trial, and such concession has become a part of the record, that the board of the claimant at the home of the decedent during the period covered by the account was worth $3 a week, amounting in all to something over $1,000. With this admission in view, the only presumption arising from the fact of the various payments established by the evidence is that such moneys were paid on account of the board and accommodations which claimant concededly had received from the decedent. The claimant proves various statements made by the decedent, and relies upon such proof as being sufficient to warrant a finding of an express promise on the part of the decedent to repay these moneys. The witness Quinlivan testified that decedent told him how good her son Thomas was, and that he was her main support, and that she did not know what she would do without him. The witness Mahar testified that he had had various conversations with the decedent, in which she had said to him that Tom was always good to her and gave her his wages; that she received but little assistance from her son William, and that she did not know how she could get along if it were not for the claimant; that he gave her all his wages, except what he needed for clothes and cigars. These and the various other declarations claimed to have been made by the decedent are much more consistent with the theory that decedent understood that the claimant was giving her this money on account of their relations, and because of what she had done for him, and to help maintain a home, the advantages of which he was sharing, rather than that she understood them to be loans which she or her estate would be obliged to repay.

From a careful and thorough review of all the evidence in the case, I am satisfied that claimant has no legal demand against the estate. Consequently the claim filed by him will be disallowed by the decree to be entered herein. Decreed accordingly.