In the Matter of the Judicial Accounting of PAUL E. ZEGEL, as Executor of the Will of MEINDERT ZEGEL, Deceased. MAATJE ZEGEL and TONIS ZEGEL, Appellants; PAUL E. ZEGEL, as Executor, Respondent.

(*Supreme Court, App. Div., Second Dept., March 10, 1916.*)

EXECUTORS AND ADMINISTRATORS—CLAIM BY SON WHEN ACCOUNTING AS EXECUTOR FOR SERVICES TO DECEDENT—EVIDENCE OF LOCAL CUSTOM.

A son who, although over age, continued to live at home with his parents and to work for his father, and according to local custom received only his board and clothes, with an allowance for spending money and for holidays, is not entitled, when accounting as executor seven years after his father's death, to be allowed for services to his father and for gross earnings which he had given to his mother, where there is no evidence of any agreement express or implied to pay him wages while he was at home, or that his father had any knowledge of the payments to his mother.

APPEAL by the contestants, Maatje Zegel and another, from a decree of the Surrogate's Court of the county of Suffolk entered in the office of said Surrogate's Court on the 11th day of January, 1915, settling the accounts of the respondent, with notice of an intention to bring up for review two other decrees entered herein on the 30th day of June, 1913, and the 13th day of September, 1913, respectively.

George H. Furman, for the appellants.

George Lupton Robinson, for the respondent.

PUTNAM, J. — Meindert Zegel, a West Sayville oysterman, died in December, 1905, leaving a widow, Maatje, and three

children, of whom Paul was the youngest. His will named
Paul as executor, and gave his property to his widow for life
and then to go equally to the three children. For four or five
years before his father's death, Paul had lived at home, working
with his father in the oyster business, and when engaged out-
side in clamming and other employment, he had paid his earn-
ings to his mother, who used them with the household funds.
Though over twenty-one years old, Paul then received only
board, clothes, moderate spending money, with gifts of five
dollars or ten dollars on Fourth of July and twenty dollars or
twenty-five dollars at Christmas.

After the father's death Paul lived in the house with his
mother, to whom as executor he paid the income of the estate.
The mother made a will in Paul's favor. In 1909 Paul mar-
ried and set up housekeeping in a part of the house occupied by
his mother, paying rent therefor. The mother afterwards de-
stroyed her will, and so informed Paul.

In filing his account as executor on December 16, 1912 —
seven years after his father's death — Paul included a claim for
work, labor and services in his father's oyster business for parts
of the years 1900–1906 inclusive; also for the gross earnings in
these years from clamming and other pursuits which he had
turned over to his mother from week to week. The widow,
Maatje Zegel, and Tonis Zegel, a brother, filed objections to
this account.

In the hearings before the surrogate there was uncontra-
dicted evidence of an old-world custom brought over and
observed among the Hollander fisherfolk at West Sayville. It
had long been the local usage that a son, although over age,
who continued to live at home with his parents, only received
his board and clothes, with an allowance for spending money
and for holidays.

As there was no evidence of any agreement, express or
implied, to pay Paul wages while he was at home, the learned
surrogate rejected that part of his claim. He, however, allowed

him $1,834, being $1,584 for the average weekly gross earnings paid to his mother, also a further sum of $250 for part proceeds of an oyster lot, also paid over to her. The court made a finding, to which there was no exception, that there was no evidence that deceased had any knowledge of such payments to his wife or knew that she used such earnings for family expenses, or had mingled them with deceased's other moneys.

The custom at West Sayville among the Dutch oystermen as to sons working for their parents while still members of one household, with these negative findings as to any promise, knowledge or understanding by Meindert Zegel to repay these gross earnings, repel any presumption of a promise, direct or implied, which would require the estate to pay back to respondent his earnings, after seven years, or give him the standing of a creditor of the estate. (Matter of Delaney, 27 Misc. Rep. 398; 29 Cyc. 1621.)

The decree of the Surrogate's Court of Suffolk county should, therefore, be reversed, and respondent's claim in his account against the estate entirely disallowed, with costs.

Jenks, P. J., Thomas, Carr and Rich, JJ., concurred.

Decree of the Surrogate's Court of Suffolk county reversed, and respondent's claim in his account against the estate entirely disallowed, with costs.