(173 App. Div. 116)

### KELLY v. RUPPERT.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

EVIDENCE ⚍444(2)—PAROL EVIDENCE AFFECTING WRITING.

> In suit to enjoin foreclosure of a chattel mortgage payable on demand, evidence of an oral agreement between the parties that demand should not be made for payment so long as plaintiff and her husband performed their part of an agreement with defendant, paid certain percentages, etc., was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1936, 2049; Dec. Dig. ⚍444(2).]

Appeal from Special Term, New York County.

Action by Elizabeth Kelly against Jacob Ruppert. From an order enjoining defendant from foreclosing or attempting to foreclose a chattel mortgage upon plaintiff's property until a fixed date, defendant appeals. Order reversed, and motion denied.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Ashbel P. Fitch, of New York City, for appellant.
Otho S. Bowling, of New York City, for respondent.

SMITH, J. In June, 1915, Daniel T. Kelly, plaintiff's husband, started a saloon business, and bought of the defendant certain fixtures, for which he agreed to pay $7,500. He also borrowed $500 to pay for his license, which ran until the 1st day of October following. To secure the moneys for the price of the fixtures and for the money loaned, he gave a chattel mortgage upon the fixtures for the said sum; the chattel mortgage being made payable on demand.

Upon the 1st day of October this plaintiff, the defendant, and Daniel T. Kelly agreed that the interest in the saloon business should be

transferred to this plaintiff. At that time $1,500 was loaned to her for the purpose of procuring a license for a year. The property was transferred by Daniel T. Kelly to this plaintiff, and she in writing assumed the payment of the mortgage to the defendant as therein stipulated, and also assumed the payment of the $1,500 loaned to her. Thereafter differences arose between the plaintiff and the defendant, and the defendant stopped selling beer to the plaintiff, and demanded the moneys due under the chattel mortgage, and threatened to foreclose the same. This action was then brought to enjoin the foreclosure, upon the ground that, while the mortgage was in terms made payable upon demand, the verbal agreement between the parties was that demand should not be made as long as Daniel T. Kelly and the plaintiff performed their part of the agreement with the defendant, and paid certain percentages which were stipulated in the contract to be paid, and were not in any way in default to the defendant. It is further alleged that the plaintiff was not in any way in default to the defendant, and that the mortgage had therefore not become due and should not be foreclosed.

The main question argued upon the briefs and at the hearing was whether this verbal agreement alleged by the plaintiff could be proven in face of the written agreement that the mortgage was payable on demand. There was no request for a reformation of the mortgage, as the mortgage was by its terms made payable on demand for a specific purpose. It would seem so clear as not to need argument that an oral agreement that a written obligation payable on demand should not be payable, except on certain conditions, is contradictory of the terms of the written agreement. . By that written agreement demand might be made at any time. By the oral agreement demand .could only be made upon the plaintiff's default in performing her obligations to the defendant. The plaintiff, therefore, cannot make proof of said oral agreement, and has shown no legal reason why the defendant should be enjoined from foreclosing the chattel mortgage.

The order must therefore be reversed, with $10 costs, and the motion denied, with $10 costs. Order filed. All concur.