REUBEN MELENKY, Respondent, *v*. ASHER P. MELEN, Appellant.

Fourth Department, November 12, 1919.

**Pleading — complaint — money had and received — allegations not stating cause of action.**

A complaint which merely alleges that the defendant had and received from the plaintiff certain sums of money at divers dates, that no part has been paid, and that there is due and owing from the defendant to the plaintiff said amount with interest, does not state a cause of action by establishing a loan or other indebtedness, the presumption being to the contrary.

The allegation that the amount is " due and owing " to the plaintiff is a mere conclusion in the absence of any facts to support it.

APPEAL by the defendant, Asher P. Melen, from an interlocutory judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Monroe on the 2d day of May, 1919, overruling the demurrer interposed by the defendant to the complaint.

*George S. Van Schaick,* for the appellant.

*Lynn Brothers* [*William F. Lynn* of counsel], for the respondent.

KRUSE, P. J.:

This complaint is too lean to withstand the attack made upon it by the demurrer. It fails to state a cause of action. It alleges that the defendant had and received from the plaintiff several sums of money at divers dates therein stated, amounting in all to $18,241.50; that no part had been paid, and that there is due and owing from the defendant to the plaintiff said amount and interest on the several sums from the dates when the same were received.

The mere fact that the defendant had and received moneys from the plaintiff does not establish a loan or other indebtedness owing to the plaintiff. (*Sayles* v. *Olmstead,* 66 Barb. 590.) The presumption of law is quite to the contrary. (*Bogert* v. *Morse,* 1 N. Y. 377.) The allegation that this amount is due and owing to the plaintiff, in the absence of any facts to support it, is a mere conclusion. The result here reached, we think, is supported by the reasoning of the dissenting opinion by INGRAHAM, P. J., in *De Cordova* v. *Sanville* (165 App. Div. 128), which was adopted by the Court of Appeals (214 N. Y. 662) in reversing the judgment of the Appellate Division in that case.

The interlocutory judgment should be reversed and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within twenty days upon the usual terms.

All concurred.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.