LION BREWERY OF NEW YORK CITY, Appellant, *v.* PATRICK F. LOUGHRAN, Respondent.*

First Department, May 25, 1928.

**Mortgages — chattel mortgages — action to recover amount alleged to be due upon chattel mortgage — defendant asserts as defense that plaintiff agreed that it would completely furnish premises so that they could be used as saloon and that thereafter defendant was compelled to discontinue business — said defense is not sufficient since written instrument provides for straight loan without condition — denials raise no issues of fact — summary judgment granted under Rules of Civil Practice, rule 113.**

The plaintiff seeks to recover the balance alleged to be due upon a chattel mortgage given upon the fixtures, lease and license of a liquor saloon. It has waived its

right to the chattels, and instead of bringing an action in equity to foreclose, has brought this action at law.

A defense, to the effect that at the time of the execution of the mortgage the plaintiff agreed with the defendant that it would completely furnish the premises in question so that the same could be used and occupied as a saloon and that the defendant executed the mortgage relying upon the implied condition that the defendant could lawfully use the premises as a beer saloon and store for the sale of intoxicating liquors, and that thereafter defendant was compelled to discontinue business, does not constitute a good and sufficient defense. This is so, since the written instrument provides for a straight loan secured by a mortgage on fixtures, and no condition, either express or implied, which contradicts a written instrument, can be proven, for, to do so, would violate the parol evidence rule.

Furthermore, the mortgage is under seal, and evidence of an oral agreement modifying an instrument under seal cannot be given.

A denial in the answer that there has been paid on account of the sum loaned, $2,144.87, leaving the balance claimed by the plaintiff, is not effective, since payment is an affirmative defense with the burden on the defendant to allege and prove the same. The allegation of the balance due is a mere conclusion of law and a denial of that fact raises no triable issue.

Furthermore, a denial of a demand for payment of the amount due does not raise an issue, for the commencement of the action is in itself sufficient demand.

Under the circumstances, plaintiff is entitled to summary judgment under rule 113 of the Rules of Civil Practice.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 6th day of February, 1928.

*Byron Clark* of counsel [*Fitch & Grant*, attorneys], for the appellant.

*Louis A. Cuvillier*, for the respondent.

FINCH, J. This is an appeal by the plaintiff from an order denying plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice.

The action was brought by the Lion Brewery of New York city to recover the sum of approximately $5,000, being an amount unpaid upon a chattel mortgage given upon the fixtures, lease and license of a liquor saloon. The plaintiff waived its right to the chattels and, instead of bringing an action in equity to foreclose, brought an action at law to recover the amount loaned.

The order appealed from will have to be reversed and the motion granted.

The defendant in his answer denies paragraphs 4 and 5 of the plaintiff's complaint, paragraph 4 being that there has been paid on account of the principal sum $2,144.87, leaving a balance due and unpaid of the amount sued for. Paragraph 5 is that no part of said sum has been paid although demand therefor has been duly

made. Defendant also alleges, by way of a separate defense, that at the time of the execution of the chattel mortgage the plaintiff agreed with the defendant that it would completely furnish and equip the premises in question, so that the same could be used and occupied as a saloon; that the defendant executed the chattel mortgage, relying upon the implied condition that the defendant could lawfully use the premises as a beer saloon and store for the sale of intoxicating liquors; that thereafter the defendant was compelled to discontinue business, by reason whereof the defendant was unable to enjoy the lawful use and occupation of the premises and, therefore, was released from his obligation under the chattel mortgage agreement as specified in the complaint. This separate and distinct defense is no defense at all, since the written instrument provides for a straight loan, payable on demand, secured by a mortgage on the fixtures, lease and liquor license. No condition, either expressed or implied, which contradicts the written instrument can be proven. Evidence of such a condition would not be admissible because it would violate the parol evidence rule. (*Kelly* v. *Ruppert*, 173 App. Div. 116; *Lion Brewery* v. *Fricke*, 204 id. 470; *Ruppert* v. *Singhi*, 243 N. Y. 156.) As was said by Mr. Justice SMITH in *Kelly* v. *Ruppert* (*supra*): " It would seem so clear as not to need argument that an oral agreement that a written obligation payable on demand should not be payable except on certain conditions is contradictory of the terms of the written agreement. By that written agreement demand might be made at any time. By the oral agreement demand could only be made upon the plaintiff's default in performing her obligations to the defendant. The plaintiff, therefore, cannot make proof of said oral agreement   *   *   *."

In the case at bar the written instrument provides for a loan, payable on demand, whereas the oral agreement pleaded by the defendant imposed an additional condition that the premises could continue to be used as a liquor saloon. Hence the oral agreement if in fact made contradicted the writing. In addition, the chattel mortgage is under seal and evidence of an oral agreement to modify an instrument under seal cannot be given. (*Lion Brewery* v. *Fricke*, *supra; Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39.) For these reasons proof of the separate and distinct defense is not available. The denials in the answer likewise raise no issue. The denial that there has been paid on account the sum of $2,144.87, leaving the balance claimed by the plaintiff, is not effective, since payment is an affirmative defense with the burden on the defendant to allege and prove the same. (*Walsh* v. *Gray*, 214 App. Div. 296.) The

allegation of the balance due is a mere conclusion of law, the denial whereof raises no triable issue. (*Melenky* v. *Melen,* 189 App. Div. 342; *Emery* v. *Baltz,* 94 N. Y. 408, 412.) As to the denial of a demand for the payment of the amount due, the suit itself is a sufficient demand. (*Locklin* v. *Moore,* 57 N. Y. 360.) It follows that there are no issues raised to prevent the recovery sought by the plaintiff.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment granted, with ten dollars costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.