In the Matter of the Accounting of FLORENCE B. VAN VOLKENBURGH, as Administratrix of the Estate of THOMAS S. VAN VOLKENBURGH, Deceased, Respondent.

SUSIE VAN V. HUNTINGTON, Appellant.

Argued May 8, 1930; decided June 10, 1930.)

*J. Ard Houghwout* and *Arthur G. H. Power, Jr.,* for appellant. The door was not opened by the contestant compelling the administratrix to produce the securities and to testify to her possession of them subsequent to decedent's death. (*Richardson* v. *Emmett,* 170 N. Y. 412; *Matter of Housman,* 224 N. Y. 525; *Stickney* v. *Stickney,* 131 U. S. 227; *Chapman* v. *Taylor,* 136 N. Y. 663; *Matter of Canfield,* 176 App. Div. 554; *Matter of Perry,* 129 App. Div. 587; *Grey* v. *Grey,* 47 N. Y. 552; *Jones* v. *Thomas,* 90 App. Div. 608; *N. Y. Central & H. R. R. R. Co.* v. *Moore,* 137 App. Div. 461; *Clift* v. *Moses,* 112 N. Y. 426.) The administratrix should not have been allowed to prove that she had possession of the disputed securities immediately after decedent's death under such circumstances that her possession of them prior to death was a necessary and unavoidable inference. (*Clift* v. *Moses,* 112 N. Y. 426; *Kings County Trust Co.* v. *Hyams,* 242 N. Y. 405; *Wald* v.

*Weilhamer*, 82 Misc. Rep. 455; *Van Vechten* v. *Van Vechten*, 65 Hun, 415.) The door was not opened by the preliminary examination of the administratrix under section 263 of the Surrogate's Court Act. (*Matter of Sherman*, 227 N. Y. 350; *de Laurent* v. *Townsend*, 243 N. Y. 130; *Matter of Brommer*, 105 Misc. Rep. 336; *Matter of Heuser*, 87 Hun, 262; *Matter of Hart*, 60 Hun, 516; Heaton Surrogates' Courts [4th ed.], 1765; *Boughton* v. *Flint*, 74 N. Y. 476; *Matter of Brady*, 111 Misc. Rep. 492; *Matter of Gilman*, 26 N. Y. St. Repr. 944; *Matter of Bielby*, 91 Misc. Rep. 353; Myers Brief on Procedure in Surrogates' Courts [2d ed.], 356; *Matter of Yetter*, 44 App. Div. 404; *Westervelt* v. *Gregg*, 1 Barb. Ch. 469.) The admission of the incompetent evidence presents reversible error, because without it the respondent had not succeeded. (*Matter of Housman*, 224 N. Y. 525; *Matter of Booth*, 215 App. Div. 516; *Matter of Manhardt*, 17 App. Div. 1; *Matter of Schroeder*, 113 App. Div. 204; *Matter of Humphreys*, 183 N. Y. Supp. 133; *Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Van Alstyne*, 207 N. Y. 298; *Beaver* v. *Beaver*, 117 N. Y. 421; *Devlin* v. *Greenwich Savings Bank*, 125 N. Y. 756; *Tilford* v. *Bank*, 31 App. Div. 565; *O'Connell* v. *Seymour*, 33 App. Div. 483; *Matter of Cofer*, 121 Misc. Rep. 292.)

*Michael H. Cardozo, Jr.*, for respondent. The securities to which objections were filed were all owned by respondent before her husband's death. (*Pastene & Co.* v. *Irving Nat. Bank*, 249 N. Y. 272; *Miller* v. *Silverman*, 247 N. Y. 447; *Matter of Brown*, 252 N. Y. 366; *Wheeler* v. *Wheeler*, 43 Conn. 503; *Stroher* v. *McFarland*, 166 Mo. App. 364; *Coulter* v. *Meining*, 143 Minn. 104; *Matter of Blumenthal*, 236 N. Y. 448; *Matter of Kane*, 246 N. Y. 498; *Matter of Kennedy*, 186 App. Div. 188; *Moskowitz* v. *Morrow*, 251 N. Y. 380; *Kelley* v. *Beers*, 194 N. Y. 60; *Matter of Dalsimer*, 167 App. Div. 367; 217 N. Y. 608; *West* v. *McCullough*, 123 App. Div. 846; 194 N. Y. 518;

*Borst* v. *Spelman*, 4 N. Y. 284; *Sandford* v. *Sandford*, 58 N. Y. 69; *Matter of Larmon*, 212 App. Div. 273; *Matter of Kaupper*, 141 App. Div. 54; 201 N. Y. 534.) Objection to the testimony of respondent under section 347 of the Civil Practice Act was waived. (*Cole* v. *Sweet*, 187 N. Y. 488; *de Laureni* v. *Townsend*, 243 N. Y. 130; *Matter of De Forest*, 119 App. Div. 782; 189 N. Y. 544; *Matter of Glasgow*, 121 Misc. Rep. 613; 209 App. Div. 884; *Bambauer* v. *Schleider*, 176 App. Div. 562; *Farmers' Loan & Trust Co.* v. *Wagstaff*, 194 App. Div. 757; *Ess* v. *Griffith*, 139 Mo. 322; *Thomas* v. *Erwin*, 90 Tenn. 512; *Clark* v. *Clark*, 83 Atl. Rep. 515; *Lester* v. *Hutson*, 167 S. W. Rep. 321; *Cox* v. *Gettys*, 53 Okla. 58; *Neis* v. *Farquharson*, 9 Wash. 508; *Clifford* v. *Denver R. G. R. R. Co.*, 188 N. Y. 349.) The examination of respondent by the appellant before the referee opened the door as to all matters. (*Lewis* v. *Merritt*, 98 N. Y. 206; *Clift* v. *Moses*, 112 N. Y. 426.) The examination of respondent by appellant before the referee as to possession when examined, opened the door to her testimony as to possession at any time after death. (*Nay* v. *Curley*, 113 N. Y. 575; *Cole* v. *Sweet*, 187 N. Y. 488; *Sweet* v. *Low*, 28 Hun, 432; *Richardson* v. *Emmett*, 170 N. Y. 412; *Matter of Cozine*, 104 App. Div. 182; *Mahoney* v. *Jones*, 35 App. Div. 84; *Matter of Woodbury*, 40 Misc. Rep. 143; *Davis* v. *Gallagher*, 55 Hun, 593; 124 N. Y. 187.)

O'BRIEN, J. Respondent, the widow of Thomas S. Van Volkenburgh, was appointed administratrix of his estate and she filed her account. Appellant, who is the daughter of decedent by a former marriage and his sole heir and next of kin, obtained an order pursuant to section 263 of the Surrogate's Court Act whereby the administratrix was directed to appear before the surrogate for examination. By virtue of that order, the administratrix was examined at length in respect to her personal possession of many bonds and certificates of stock over which

she asserted individual ownership and the circumstances under which she claimed to have received them as gifts from her husband. The minutes of that examination were filed in the Surrogate's office. Appellant later filed objections to the account and the issues arising on such objections were sent to a referee who decided substantially all of them in respondent's favor. With very slight modification his report was confirmed and the order of confirmation has been affirmed by a divided Appellate Division.

On the hearing before the referee the widow was allowed to give testimony concerning personal transactions between herself and decedent. She testified that all the disputed securities had been given to her by her husband. Unless the door had been opened to the admission of this evidence by appellant's act in producing substantially the same evidence on the examination under section 263 of the Surrogate's Court Act, this testimony before the referee was rendered incompetent by the provisions of section 347 of the Civil Practice Act. The prohibition of this section, however, applies by its restrictive language only to the trial of an action and to a hearing upon the merits of a special proceeding. The rule as to waiver is to be found in this section and not elsewhere (*de Laurent* v. *Townsend*, 243 N. Y. 130) and, therefore, waiver can occur only on a trial or on a hearing upon the merits. Here there was no trial of an action. Was the examination under section 263 a hearing upon the merits of a special proceeding? If it was, then there was a second hearing upon the merits, for certainly the one before the referee was of such a character. We think that there was only one hearing upon the merits and that that was the one before the referee. The preliminary examination under section 263 consisted merely of an investigation of the conduct of a fiduciary for the purpose of ascertaining the existence of merits upon which objections could be based. The widow was not then examined in her own

behalf or interest but in antagonism to her individual interest by a hostile party who sought to show that as administratrix she had been recreant to her trust. At that time no objections had been filed and consequently there could have been no hearing upon them. There were then no merits to hear. The issues tried by the referee arose upon later objections and the widow's testimony on the previous examination was not given in evidence by appellant. Section 347 does not forbid a preliminary inquisition of a fiduciary in relation to transactions with a decedent and section 263 expressly authorizes it. Accordingly, the provisions of section 347 were not waived by one who later became a contestant and raised issues which were subsequently heard upon the merits. The widow's testimony on the hearing before the referee was, therefore, incompetent.

The Surrogate and the majority at the Appellate Division have found, irrespective of this incompetent testimony, that the disputed securities were proved as gifts to the wife during the lifetime of decedent. Much evidence supports this finding and small, if any, volume of evidence in the record would justify a contrary inference. For years, respondent had maintained safe deposit boxes for her exclusive use at the Fifth Avenue Bank and the National City Bank. Her husband never had access to them but he was fully aware of the fact that she was accustomed to store bonds and stock certificates in them. He was a director of the Fifth Avenue Bank and there kept his own securities in a box to which respondent never had access. The day of his death fell upon a bank holiday and common experience requires us, in the absence of proof, to assume that the Fifth Avenue vaults were not then open to respondent. Four days later, her husband's box at the Fifth Avenue Bank was opened and the parties stipulate that neither on that day nor on the day of his death were any of the disputed securities in this box. There is no evidence that he kept any of

them in any other place except a few with a trust company in Vermont. Intended transfers and actual transfers of many securities are established by decedent's written declarations. In addition, one of the officers of the Fifth Avenue Bank testified that Mr. Van Volkenburgh on various occasions had ordered the purchase of securities and had stated at such times that he intended giving them to his wife. On at least one occasion this officer was present when decedent handed his wife some bonds, told her they were hers and to put them in her safe deposit box. Respondent's sister testified that decedent told her that he had given a great many securities to his wife and that once she was present when he handed his wife several packages, told her that they were securities, that they belonged to her and to put them in her safe deposit box. A friend in whom decedent intimately confided during the last two months of his life testified that decedent had informed him of gifts of stock and bonds to his wife amounting in value to more than $225,000. A butler in decedent's service testified that about a month prior to death his employer told him that he was going to die but that he had provided for his wife. No will was in existence. It is true that there is no direct proof that the securities which decedent intended to give and which he did give to his wife are, in each instance, the same as the subjects of this contest, but the conclusion must almost of necessity follow that they are identical. This man's wide business experience refutes any reasonable suspicion that he would have negligently left $200,000 in securities unprotected in places where, without his consent, respondent or others could have taken possession of them. The affectionate relations between husband and wife render probable in the highest degree the fact of donation. Absolute certitude is not required. Not a word in the record suggests that respondent could by any possibility have acquired them except by gift. Every-

thing points in the opposite direction. Neither is the value large in proportion to the size of the estate. The father did not deprive his daughter of such a share in his estate as he could have fairly believed to belong to her in a rightful distribution. The widow's portion, even with these gifts, amounts to far less than the daughter's interest. We conclude, therefore, that the finding by the courts below is supported by the evidence.

The order should be affirmed, with costs to respondent payable out of the estate.

POUND, CRANE, KELLOGG and HUBBS, JJ., concur; CARDOZO, Ch. J., not voting; LEHMAN, J., not sitting.

Order affirmed, etc.