In the Matter of the Estate of HERMAN FISCH, Deceased.

Surrogate's Court, New York County, May 3, 1933.

*Samuel Stern*, for the petitioner.

*Adolph G. Kraus*, for the respondents.

DELEHANTY, S. Commonly the provisions of section 347 of the Civil Practice Act are resorted to by estate representatives to prevent the enforcement of claims in respect of which decedent's voice is stilled by death. In the instant case the estate has initiated a claim against respondent and has invoked section 347 to prevent proof of actual transactions between deceased and respondent.

Respondent is described in the petition of the administrator as a "*moneyed corporation,* engaged in the business of financing and banking." The petition alleges that deceased was the owner of certain shares of stock of respondent corporation; that dividends upon such shares had been declared in the liquidation of the corporation; that none of such dividends was paid to deceased or to the estate; that demand had been made by petitioner for such payment; and that respondent corporation was indebted to the estate for the amount of such dividends. An examination before trial was had preliminary to this discovery proceeding and the administrator, a lawyer, personally conducted such examination. He asked and received replies to forty-four numbered questions. On the trial of the discovery proceeding he testified to isolated questions and answers in this examination which, considered alone, would support the petition. Doubtless he felt that *Matter of Van Volkenburgh* (254 N. Y. 139) protected him against the claim that by examining before trial he had waived the protection of section 347 of the Civil Practice Act.

Respondent thereupon called the witness who had been examined before trial, the secretary of and a stockholder of respondent. He testified that deceased in his lifetime was president of respondent and gave a complete history of the financial transactions between respondent and deceased. He showed that the dividends upon the shares which stood of record in the name of deceased were credited in accordance with the contract of deceased to outstanding loans to deceased on which a balance still was unpaid. To this testimony the administrator attorney interposed vigorous objection under section 347 of the Civil Practice Act. Notwithstanding his use of admissions of respondent respecting part of its financial transactions with deceased he attempted to use the provisions of section 347 to prevent disclosure of the whole of these transactions. He may not thus defeat justice nor so use the provisions of an act designed to *prevent* fraud. (*Nay* v. *Curley,* 113 N. Y. 575.) It is not necessary to invoke the last sentence of section 347.

The estate was given every opportunity to present proof that no debt was owed to respondent as the latter claimed. Written evidences of the debt, signed by deceased, were produced by respondent. Both the administrator attorney and respondent offered proof of a large number of checking transactions. In attempting to maintain his technical position the administrator attorney limited his offer of canceled checks of deceased made to the order of respondent to a use thereof designed only (as he stated) to affect the credibility of the witness who testified to the financial transactions of respondent with deceased. He sought upon the record to reserve what he called his legal position of objecting to any proof of transactions between respondent and deceased except those limited few which he had selected and (with such attempted reservation of legal position) sought to cross-examine generally respecting respondent's dealings with deceased. He declined to examine further when required to proceed subject to any effect upon his position produced by the tenor or extent of his examination. Throughout it was apparent that the administrator attorney felt that he had succeeded in selecting a part of respondent's transactions with deceased which might produce a few hundred dollars for the estate and that he had avoided successfully the development of the whole truth. The court will give no countenance to this procedure. Enough was shown by respondent to defeat the petition. The claim is dismissed on the merits.