to determine whether the contingent percentage provided for therein should apply on the gross or net recovery. By the terms of the retainer appellant is entitled to 40% of the net amount, $6,412.01, or $2,564.80. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.

■

In the Matter of the Adoption of VICTORIA A. KROPP, an Infant. JOSEPH SHEPSKY et al., Appellants; MARGARET KROPP, Respondent.—

No opinion. Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

In the Matter of the Estate of USHER J. SCHWARTZ, Deceased. FRANCES L. SCHWARTZ, Individually and as an Executrix of USHER J. SCHWARTZ, Deceased, Appellant-Respondent; ABRAHAM L. POPPER, as an Executor of USHER J. SCHWARTZ, Deceased, et al., Respondents-Appellants.—

A condition that the devisee shall not rent part of the property may be lawfully imposed on the devise of a life estate. (De Peyster v. Michael, 6 N. Y. 467, 491-492; Oliver v. Wells, 254 N. Y. 451.) There was sufficient evidence before the Surrogate to justify the finding that decedent received the moneys advanced by petitioner as loans (Bogert v. Morse, 1 N. Y. 377), except as to claim "#5", which should have been disallowed. Interest should have been allowed on the claims from the date of death rather than from the date of presentation of the claims. (Matter of Manchester, 279 App. Div. 254.) Present — Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ.

■

In the Matter of the Accounting of PAUL P. SMILO, as Executor of MAURICE SMILO, Deceased, Appellant. NAOMI SMILO, Respondent.—

(Matter of Van Volkenburgh, 128 Misc. 819, affd. 226 App. Div. 10, affd. 254 N. Y. 139.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.