DEWITT JOSEPHSON, Appellant, v. EMPIRE MILLWORK CORPORATION, Respondent.— Plaintiff appeals from an order dated February 16, 1954, insofar as it denies his motion for a discovery and inspection, for a stay of service of his bill of particulars, for a stay of his examination by defendant before trial, and from so much of such order as denies his motion to direct defendant to produce certain books and records on defendant's examination before trial. Plaintiff also appeals from an order dated March 16, 1954, which denies a motion to resettle the order of February 16, 1954, and grants limited relief with respect to the production of such books and records. Order of February 16, 1954, modified by deleting the provisions thereof which deny the stay of the examination of plaintiff before trial, and of the service of plaintiff's bill of particulars, and by adding thereto provisions to the effect that plaintiff's time to serve his bill of particulars be extended until twenty days after plaintiff's completion of the examination of the defendant before trial, and that the examination of plaintiff by the defendant before trial shall not proceed until the expiration of ten days after the conclusion of the examination of the defendant. A further provision shall be added to the order, requiring defendant to produce on its examination by plaintiff the books, records, and documents referred to in plaintiff's notice of motion dated December 31, 1953, and specifically described at folios 80 to 94 of the record on this appeal, for all of the purposes provided by section 296 of the Civil Practice Act. The contracts to be produced shall be limited to those procured by plaintiff or through his efforts. As so modified, order affirmed, with $10 costs and disbursements to appellant. In view of the special circumstances disclosed by this record and in the interest of orderly procedure, plaintiff should be entitled to examine defendant as to the matters provided by the order, before being required to furnish particulars, and to submit to examination as to the details of transactions which can only be established with complete accuracy through the examination of defendant and its books and records. For the same reason, it was an improvident exercise of discretion to deny the examination of such records and to direct their production for the sole purpose of refreshing the recollection of defendant's witnesses. In view of the disposition of the appeal from the order of February 16, 1954, the appeal from the order of March 16, 1954, is dismissed as academic, without costs. Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ., concur. Settle order on notice.