■ In the Matter of the Accounting of Daniel E. Walzer, as Executor of Morris Walzer, Deceased, Respondent. Benjamin Barondess, as Special Guardian for Lynn Walzer, an Infant, Appellant-Respondent; June L. Walzer et al., Respondents-Appellants; Maurice J. Giaimo, as Special Guardian for Wendy Walzer, Respondent.— Appeals (1) from an order of the Surrogte's Court, Queens County, entered November 3, 1958 which granted the motion of the respondent Daniel E. Walzer (hereinafter referred to as the respondent) to vacate notices to examine him before trial, and (2) from so much of an order of said court entered November 7, 1958 as granted the respondent's motion to direct appellants to serve and file verified bills of particulars with respect to items in their objections. Order entered November 3, 1958 reversed, without costs, and motion denied, without costs. The examinations before trial are to be conducted as one proceeding. If the parties cannot agree on a time and place for the examination, an application may be made to the Surrogate's Court to fix the time and place of the examination. Order entered November 7, 1958 modified (1) by striking from the first subparagraph of the first ordering paragraph the words and figures "items 1, 2, 4, 9, 11, 12 and 13" and by substituting therefor the word and figure "item 13", (2) by striking from the second subparagraph of the first ordering paragraph everything following the words "with respect to" and by substituting therefor the words and figures "(a) item XI as to the unreimbursed sums expended by her each month for the education of each daughter involved for the period from October 4, 1951 to December 1, 1953, and the total of unreimbursed sums expended by her each month for each daughter for other support and mainte-

nance which she claims were necessary expenditures for the support, maintenance and education of each daughter, as alleged in her objections 13 and 14, and (b) items II and XII", and (3) by striking from said order everything following the words "particulars with respect to" in the third subparagraph of the first ordering paragraph and by substituting therefor the words "item Fourth". As so modified, order insofar as appealled from affirmed, with $10 costs and disbursements to all parties filing separate briefs, payable out of the estate. The verified bills of particulars with respect to items "10" and "XI" are to be served and filed within 20 days after the entry of the order hereon; the verified bills of particulars with reference to items "13", "II", "XII" and "Fourth" are to be served and filed within 30 days after the completion of the examination of the respondent before trial. After the filing of the respondent's voluminous account, there was a lengthy examintion of the respondent's records by accountants representing the appellants Walzer. Following this examination by the accountants an examination of the respondent pursuant to section 263 of the Surrogate's Court Act was conducted which was held on seven days and resulted in a transcript of 378 pages. The examination was conducted by the attorney for the appellants Walzer, but the special guardians were present and took part in the examination. Objections were filed thereafter. The respondent made a motion for bills of particulars and the appellants served notices to examine the respondent before trial. The respondent's motion to vacate the notices of examination before trial was granted on the grounds that he had been subjected to a lengthy examination pursuant to section 263 of the Surrogate's Court Act, at which each of the parties was present and participated, that questions put to the respondent and answered were outside the scope of an examination pursuant to section 263, that matters set forth in the notices included many which could have been pursued in the prior examination, and that the remainder, although improper in a section 263 examination, were in fact pursued without objection. An examination of a fiduciary pursuant to section 263 of the Surrogate's Court Act is distinguishable from an examination before trial pursuant to article 29 of the Civil Practice Act, although it is similar in many respects (*Matter of Van Volkenburgh*, 254 N. Y. 139, 143; *Matter of Rosenbaum*, 73 N. Y. S. 2d 862; *Matter of Chyat*, 60 N. Y. S. 2d 390, affd. 269 App. Div. 674). An examination pursuant to section 263 prior to the filing of objections is generally a preliminary investigation of the conduct of a fiduciary for the purpose of ascertaining the existence of merits upon which objections can be based (*Matter of Van Volkenburg, supra; Matter of Rosenbaum, supra; Matter of Chyat, supra*), although examination pursuant to section 263 has been conducted after objections have been filed (*Matter of Smilo*, 279 App. Div. 934). It appears that the appellant special guardian did not retain any accountant to examine the respondent's records. It is undisputed that, during the examination pursuant to section 263, there was no inquiry concerning some items as to which the examinations before trial were sought subsequently. Infants are involved in the proceeding. The respondent is a substantial beneficiary under the will. The estate includes stock in many real estate corporations, most of which had been wholly owned by the testator, and the estate was substantial. It appears that at times neither the testator nor the respondent treated the corporations as distinct and separate entities. Under the circumstances shown, it was an improvident exercise of discretion to grant the motion to vacate the notices of examination before trial (*Matter of Marshall*, 3 A D 2d 762; *Matter of Chyat*, 60 N. Y. S. 2d 390, affd. 269 App. Div. 674, *supra*; cf. *Matter of Marshall*, 1 A D 2d 687). Under the circumstances shown in the record, it was an improvident exercise of discretion to grant the motion for the bills of

particulars to the extent that the motion was granted (see 1A Butler, New York Surrogate Law & Practice, §§ 502–505). As to the items which appellants must set forth in reliance on the examination of the respondent's records and the examinations pursuant to section 263 of the Surrogate's Court Act and article 29 of the Civil Practice Act, they should not be directed to furnish the details prior to the completion of the examination of the respondent before trial (*Lustig* v. *Longchamps*, 279 App. Div. 928; *Josephson* v. *Empire Millwork Corp.*, 283 App. Div. 1093; 1A Butler, New York Surrogate Law & Practice, § 517). Nolan, P. J., Wenzel, Murphy and Kleinfeld, JJ., concur; Hallinan, J., not voting.