■ In the Matter of MARIE K. FOLEY, Respondent, v. JOHN E. FOLEY, Appellant.— Judgment insofar as appealed from unanimously modified on the law and facts in accordance with the memorandum herein, and as so modified affirmed without costs. Memorandum: Defendant husband appeals from that portion of the judgment which dismisses his counterclaim for divorce in his wife's action for separation, directs him to pay $350 per month for the wife's support and to reassign to his wife the undivided one-half interest which she conveyed to him in certain securities at the time of their marriage, and also declares that the wife may retain as her own property certain other securities (mutual funds) which belonged to her before their marriage and which she had

agreed to transfer to their joint names but did not do so because of the expense involved. The Trial Justice properly dismissed on the merits the wife's action for separation and the husband's counterclaim for divorce. Upon the transfer of certain securities by the wife to herself and husband jointly at the time of their marriage the husband became owner of one-half interest therein (*Matter of Granwell*, 20 N Y 2d 91, 95; *Matter of Polizzo*, 308 N. Y. 517, 521), and there is no basis in this record for divesting him of such interest. The decree should be modified in this respect to reverse the provision declaring the wife to be exclusive owner of such securities and directing the husband to convey his interest therein to her. In lieu thereof the judgment should direct that the said securities now be divided equally between the parties. With regard to the mutual funds which the wife had agreed at marriage to transfer to their joint names but which by mutual agreement were not so transferred because of the expense involved, we believe that the record supports the decision and judgment of the Trial Justice. Since the wife admitted that it was the original intention of the parties to transfer those securities to their joint names, and that the income therefrom was received and used by them as joint funds, there was evidence tending to support a finding that these mutual funds were held in constructive trust for the couple (see *Matter of Van Volkenburgh*, 254 N. Y. 139). But the trier of the facts did not so find, and we may not hold as a matter of law that he erred therein. The evidence is consistent with the finding that the wife intended to make a transfer of these securities in the future to herself and husband jointly. The rationale of the *Granwell* case (*supra*) is that the presumption of an immediate vested interest in the donee spouse does not arise until the transfer is in fact made. There is thus no presumption to aid the husband as to these securities, and the decision of the Trial Justice should not be disturbed in this respect. Concerning support payments, the record does not establish the wife's need of $350 per month in addition to her other assets, in view of the evidence of her health and earning ability (Domestic Relations Law, § 236; *Brownstein* v. *Brownstein*, 25 A D 2d 205, 209). We find that such award was an abuse of the court's discretion, and that it should be reduced to the sum of $150 per month. (Appeal from certain parts of judgment of Erie Trial Term in matrimonial action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.