In the Matter of the Estate of FREDERICK BRITSCH, Deceased.

Surrogate's Court, New York County, May 5, 1926.

**Depositions — examination of executor before trial — Civil Practice Act, §§ 288 et seq., under which notice for examination of executor herein was given are made applicable to proceedings in Surrogate's Court by Surrogate's Court Act, § 316 — executor may be examined before trial in proceeding to remove him — scope of examination limited to statutory grounds for removal (Surrogate's Court Act, § 99).**

An executor, whose removal is sought, may be compelled to submit to an examination before trial under a notice of examination served pursuant to sections 288 et seq. of the Civil Practice Act, since said sections are made applicable to a special proceeding in the Surrogate's Court by section 316 of the Surrogate's Court Act.

The scope of the examination is limited to facts material to the statutory grounds for the removal of the executor (Surrogate's Court Act, § 99).

APPLICATION for an order vacating notice of taking deposition of executor before trial.

*William M. Kilcullen,* for the petitioners.

*Edmund L. Mooney* [*Edmund L. Mooney* and *Thomas F. Morris* of counsel], for Jules Nehring.

*McLaughlin & Stern,* for Harold M. Silverman and Mary J. Fahey.

FOLEY, S.  The application for an order vacating notice of taking deposition is denied.  I hold that an examination before trial of an executor, sought to be removed, may be had in this court.  The main issue directed to be heard and determined in the present proceeding is whether or not the executor and trustee should be removed. For the purpose of expediting the trial of the serious charges made against the executor, my intermediate order directed that the issue of revocation be tried in advance of the accounting, although both forms of relief were demanded in a single proceeding.  Sections 288 *et seq.* of article 29 of the Civil Practice Act, under which the notice of examination was served, are made applicable to a special proceeding in this court by section 316 of the Surrogate's Court Act.  (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84; *Matter of Hodgman*, 113 Misc. 215.)  The burden of proof in revocation proceedings is upon the petitioner, and under the authorities the adverse party may be examined in such a case.  (*Scheff* v. *Lewis*, 191 App. Div. 30; *Oshinsky* v. *Gumberg*, 188 id. 23; *Kimball* v. *Budd Co.*, 215 id. 724.)

Of course, in a voluntary accounting proceeding it is unnecessary to invoke the relief granted by the Civil Practice Act, because section 263 of the Surrogate's Court Act expressly authorizes an examination of the accountant by any party to the proceeding " as to any matter relating to his administration of the estate or fund." (2 Heaton Surrogates' Courts [4th ed.], 1760.)  Likewise, in a compulsory accounting proceeding the provisions of section 260 of the Surrogate's Court Act require the attendance of the executor or administrator before the surrogate, with an accompanying right of examination.  In proceedings brought exclusively for an accounting the Surrogate's Court Act, therefore, furnishes complete opportunity for examinations and does not require resort to the relief given by the Civil Practice Act.  Because of the pendency of the revocation proceeding, however, I prefer to base the denial of the application to vacate upon the decisions which hold that the Civil Practice Act is applicable to proceedings in the Surrogate's Court of this nature.  (*Matter of Hodgman, supra.*)  This decision necessarily limits the scope of the examination to facts material to the statutory grounds for the removal of the executor.  (Surrogate's Court Act, § 99.)  Submit order on notice directing the executor to appear before me for examination before trial ·on the 12th day of May, 1926, at two-thirty P. M.·