In the Matter of the Estate of THOMAS J. O'SHAUGHNESSY, Also Known as THOMAS JOSEPH O'SHAUGHNESSY, Deceased.

Surrogate's Court, Queens County, July 13, 1932.

*David M. Wolff*, for the administratrix.

*White & Case*, for the claimant William C. McClelland.

*Charles W. Froessel*, special guardian.

HETHERINGTON, S.    Sections 288 *et seq.* of article 29 of the Civil Practice Act, under which the notice of examination was served, are made applicable to a special proceeding in this court by section 316 of the Surrogate's Court Act. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84.) Here the creditor has the burden of proof in establishing his claim, and is entitled to examine the administratrix as an adverse party. While there has been some expression of opinion that such an examination is unnecessary in a voluntary accounting proceeding (*Matter of Britsch*, 128 Misc. 219) and not authorized by statute (*Matter of Van Valkenburgh*, 128 Misc. 819), an examination of both of these cases discloses no attempt upon the part of a creditor to prove his claim. The examination of a fiduciary provided for by section 263 of the Surrogate's Court Act would be of no material assistance to the moving party. Here the creditor has no complaint or criticism of the administration of the estate but merely seeks to establish facts tending to support his claim. In such a situation, an examination is proper. The motion to vacate the notice of examination and the subpœna *duces tecum* served therewith is, therefore, denied. Unless the parties are able to agree on the time and place of the examination, the same will be fixed upon the settlement of the order.