In the Matter of the Estate of GEORGE N. BARRETT, Deceased.*

Surrogate's Court, New York County, June 24, 1938.

*Burlingham, Veeder, Clark & Hupper*, for the executor.

*Glass & Lynch*, for the widow of deceased.

DELEHANTY, S. An examination of the executor pursuant to section 263 of the Surrogate's Court Act is sought by deceased's widow. The executor concedes that the widow is entitled to an examination. Where he differs from her is in respect of the range of the examination which the court should order.

Deceased and the executor were brothers. While deceased lived the two brothers operated a steam tugboat business. Four boats were owned nine-sixteenths by the executor and seven-sixteenths by the deceased; a fifth boat was owned in equal shares. In a close corporation formed in the lifetime of deceased the executor in his private capacity was always the majority stockholder. The deceased owned the balance of the outstanding stock and his shares are now part of his estate. Prior to and since the death

---

* See *Matter of Sullivan* (169 Misc. 16).

of deceased the tugboats were operated through the agency of this close corporation. For its services as agent the corporation receives ten per cent of the gross revenue of the business. This arrangement is said to be based on an oral contract between the corporation (of which the executor is president and treasurer as well as majority stockholder) on the one hand and the individual owners on the other. Of course the individual owners of the boats now are the executor in his private capacity and the estate which he represents in his fiduciary capacity. The executor asserts that he should not be obliged to undergo examination except in respect of his activities as executor. His resistance to a more complete scrutiny of his acts which would necessitate a disclosure of information respecting the corporate practices is based chiefly on two grounds. He contends in the first place that his control of the " corporation has in no way been increased due to his brother's death " because before as well as after the latter's death he held a majority of the stock. Beyond this he is opposed to a general examination into corporate affairs since it would " make public [the corporation's] method of conducting its business, its business practice and other matters of a confidential nature pertaining to said corporation." Concerning the first assertion what is overlooked is that while deceased was alive he could always have protected his own interests although he was merely a minority stockholder. Now that he is dead his successors in interest have no such capacity. They are dependent on the integrity and good faith of a person whose individual interests may be adverse to the interests of those whom he represents as fiduciary. In the circumstances outlined the rule is that the Surrogate's Court in the exercise of its plenary jurisdiction in an accounting proceeding (Surr. Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67) will direct a fiduciary to exhibit all information within his control which bears on the fortunes of the estate. For a more elaborate treatment of the principle here applied reference may be made to *Matter of Witkind* (167 Misc. 885).

As respects the executor's fear that this examination may convert secrets of the business into public property it is enough to say that should this somewhat fanciful danger prove to be in any sense real counsel may come before the court for specific rulings on specific questions.

The motion is in all respects granted. Submit, on notice, order accordingly.