In the Matter of the Estate of JAMES J. SULLIVAN, Deceased.*

Surrogate's Court, Kings County, September 19, 1938.

*Charles P. Robinson*, for Mary C. Sullivan, residuary legatee, for the motion.

*Emanuel Harris* for Martin T. Manton, as executor, etc., in opposition.

WINGATE, S. This is an application in purported aid of an examination of an accounting executor under section 263 of the Surrogate's Court Act for an order directing the latter " to permit an accounting or accountants employed by the moving party to make a general examination of all of the books " of seven named corporations.

According to the composite demonstration of the moving papers and answering affidavit the stockholdings of the decedent and

* See *Matter of Barrett* (168 Misc. 937).

consequently of his estate in the several corporations in respect of which such examination is sought were as follows:

National Cellulose Corporation, 35 out of 4,509 shares of the preferred (amounting to less than eight-tenths of one per cent) and fifty-one per cent of the common, the latter, however, not being a present asset of the estate by reason of the fact that the decedent in his lifetime pledged it as collateral for a loan of $250,000 which is still outstanding and unpaid. In any event, by reason of defaults in payment of preferred dividends, the sole voting power in respect of the stock of the corporation has, since prior to the decedent's death, been vested in the preferred stock.

Modern Carpet Cleaning and Storage Corporation, 350 out of 1,109 shares of the preferred stock, or slightly over thirty-one and one-half per cent thereof, and 125 out of 500 shares of the common, or twenty-five per cent thereof.

Alamac-Esplanade Corporation, 1,718 out of 41,809 shares of the preferred stock, or slightly over four per cent thereof, and 859 out of 189,955 shares of common, or between four and five-tenths of one per cent thereof.

Sulman Realty Corporation, twenty per cent thereof.

Forest Hills Terrace Corporation and Camala Corporation, no stock holding whatsoever.

Marian Realty Corporation, twenty-five out of fifty shares, or fifty per cent thereof.

The foregoing tabulation demonstrates that in no single one of the corporations in question did the decedent or his estate possess a controlling interest and that in all except the Marion Realty Corporation he either possessed no stock interest at all or such an insignificant minority as to be totally incapable of any effective direction in the corporate affairs.

It is conceded that one of the executors in his individual capacity possessed and still holds a controlling stock interest in most if not all of these corporations, and this fact is urged as a basis upon which this court should seize to compel a disclosure which would otherwise admittedly transcend its powers.

This contention loses sight of the fact that a fiduciary acting in his representative capacity is a totally different person for juridical purposes from the same person in his individual capacity and *vice versa*. (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467; *Collins* v. *Hydorn*, 135 id. 320, 324, 325; *Leonard* v. *Pierce*, 182 id. 431, 432; *Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 296, 297; *Opdyke* v. *Marble*, 44 Barb. 64, 68; *Matter of Ebbets*, 149 Misc. 260, 267; *Matter of Ferber*, Id. 840, 842; *Matter of Gomez*,

160 id. 503, 506; *Matter of Clark*, 166 id. 909, 915; *Matter of Smith*, 167 id. 95, 99.)

The individual rights and authorities of the fiduciary in his individual capacity in respect of such stock are, therefore, wholly immaterial in any evaluation of his responsibility as a fiduciary unless and until it be demonstrated that by reason of the composite effect of his individual and fiduciary holdings he has been able to achieve a result in relation to the corporation in question which would have been impossible of attainment without the aid of the interest which he held in a fiduciary capacity.

So long as the fiduciary holding is less than a controlling interest in the stock of a given corporation, there is a strong inference of fact that the only authority which the fiduciary possesses in his representative capacity is merely the usual one of receipt of such sums as may, from time to time, be distributed by the corporation as surplus profits in the form of dividends.

An estate fiduciary is responsible only for his acts or neglects in the administration of the assets which belonged to the decedent. In instances in which these assets are of a nature and extent which involve the actual or potential control of the fictitious entity of a corporation it may well be and frequently has been held that the acts of the corporation thus controlled by reason of the dominant voting power in respect thereof inherent in the holding of the estate assets are in reality the acts of the fiduciary possessing such delegated authority and he may be compelled to disclose his transactions in respect thereof in the same manner and for identical reasons that he may be forced to elucidate any other acts respecting his conduct of the estate assets. (*Farmers' Loan & Trust Co.* v. *Pierson*, 130 Misc. 110; *Matter of Gerbereux*, 148 id. 461, 466; *Matter of Steinberg*, 153 id. 339, 346; *Matter of Lesser*, 154 id. 364, 366.)

The scope of the examination of the fiduciary pursuant to section 263 of the Surrogate's Court Act is limited " to any matter relating to his administration of the estate or fund," which is merely the equivalent of a statement that only such matters are subjects of inquisition as relate to the acts or neglects of the accountant in his fiduciary capacity relating to the assets of the estate.

In the present instance, since it is uncontroverted that the executor in his capacity as such or by reason of his holding of the assets of the estate possessed no authority or control over the actions or records of the corporations in question, he is not compellable by any process of this court to make disclosure of their books or records. (*Matter of Ebbets*, 149 Misc. 260, 269.) The court possesses no jurisdiction over him in his individual capacity.

The motion is, accordingly, in all respects denied, with costs.

Enter order on notice in conformity herewith.