In the Matter of the Petition of MARTIN· T. MANTON to Render and Settle His Account as One of the Executors of JAMES J. SULLIVAN, Deceased. MARY C. SULLIVAN, Appellant; MARTIN T. MANTON, as Executor, etc., of JAMES J. SULLIVAN, Deceased, Respondent, and EDWARD W. SULLIVAN, Executor.— About two years after the issuance of letters testamentary, one of the executors filed a verified account of his proceedings in the estate. There were objections filed by the widow. The assets of the estate consisted of a comparatively small amount of cash and other quick assets, real estate bonds and participation certificates worth either

much less than the face value or no value at all, and a large number of shares of stock in many different corporations, some of which were hypothecated with brokers, and others as security for loans. Many of these shares of stock appear to have been of no value. There were also several parcels of real estate subject to mortgage or other liens, which were unproductive of revenue. The debts and claims appear to be in excess of the assets. It appears that the executor has been, in part at least, examined under section 263 of the Surrogate's Court Act. It further appears that he is the holder of a controlling interest in some of these corporations whose stock is said to be of little or no value, and that one of the corporations is indebted both to the decedent's estate and to the executor, and this, it is said, makes his interest hostile to that of the estate. Other charges in the objections are of a similar character, but they are indefinite in their nature. The widow moved in the Surrogate's Court for an order directing that the executor permit an accountant or accountants employed by her to make a general examination of all of the books of certain named corporations. The motion was denied. It appears without dispute that the executor is not an officer or a director of any of such corporations. The motion was addressed to the discretion of the court and we cannot say that such discretion was unwisely exercised. If, when the examination of the executor is completed, it should appear that it is necessary for a full determination of the accounting that an examination of the officers and directors of these corporations should be had, then no doubt the surrogate will act further in the matter. (*Matter of Barrett*, 168 Misc. 937; *Matter of Ebbets*, 149 id. 260; *Matter of Witkind*, 167 id. 885; *Matter of Smathers*, 152 id. 774; *Matter of Dimon*, 155 id. 311, and *Matter of Steinberg*, 153 id. 339.) On the argument the counsel for the executor stated that it was his purpose to go forward with the accounting and carry the burden of establishing that there had been the utmost good faith in the administration of the estate. Order of the Surrogate's Court of Kings county affirmed, without costs, with leave to appellant to make such further application to the Surrogate's Court in the protection of her rights as she may be advised. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur. [169 Misc. 16.]