In the Matter of the Estate of Augustus E. Cordes, Deceased.

Surrogate's Court, Kings County, October 26, 1945.

*James S. Brown, Jr.,* for Lena M. Nesbitt, as executrix, petitioner.

*Hannon & Evans* for Employer's Liability Assurance Corp., Ltd., respondent.

McGAREY, S. Testator named his sister and another as executors and trustees, and provided for alternate executors and trustees. He further directed that any executor or trustee who might qualify, except his sister, should furnish bond. The original nominees qualified in the manner provided by the will and letters testamentary were issued in March, 1943. Subsequently the powers of the bonded executor were suspended pursuant to section 103-a of the Surrogate's Court Act. Thereafter, on application by the remaining executrix, as a legatee, for the revocation of the letters issued to her coexecutor, he was removed and his letters were revoked by order, dated September 7, 1944, which also directed him to file and proceed to judicially settle his account within a stated time.

Upon his failure to render an account as directed, the executrix filed an account pursuant to section 260 of the Surrogate's Court Act " for and on behalf " of the removed executor, and petitioned the court " to hear the proof and allegations, and take, state and settle said account ", as provided for by said section. In her petition she alleges that the source of her information used in preparing the account was her investigation and examination through her attorney into the acts of her removed coexecutor, transcripts of the estate bank account, including canceled check vouchers drawn against it, and the examination of the records of the surety on the executor's bond, particularly those pertaining to the countersignatures on said checks. Strictly speaking the petitioner has not filed an account, but has filed information and schedules, from which she asks the court

to take and state the account of the removed coexecutor. Where the court mentions an account or accounting filed by the petitioner herein it refers to such information and schedules.

In connection with the pending proceeding, the surety seeks to examine the executrix pursuant to section 263 of the Surrogate's Court Act as to all matters relating to the estate administration by her and the removed executor, and for other relief. The application is opposed by the executrix who asserts that although she is the petitioner in the proceeding, she is not the accounting party and consequently she may not be examined pursuant to said section 263 which provides only for the examination of *an accounting* party as to *his* management of the estate.

The language of section 263 and the cases interpreting the section require the court to hold that it is without authority, statutory or otherwise, to grant the relief as requested.

*Matter of Morrell* (154 Misc. 356), cited by the surety as authority for its right to examine the executrix under section 263 of the Surrogate's Court Act, is not applicable. In that case the executor of a deceased trustee accounted for the latter's acts. The learned Surrogate noted that the position before the court of a representative of a deceased fiduciary in respect to the accounting for the acts of the latter is the same as that which the deceased fiduciary himself would have occupied had his letters been revoked and he were himself accounting (Surrogate's Ct. Act, § 257), and that the representative of the deceased fiduciary may be *compelled* to account for the latter's acts and doings. Section 257 specifically provides for the accounting by a legal representative of a deceased fiduciary of the latter's acts and doings and for the property which had come into the possession of the accounting party or into the possession of the deceased fiduciary. So that while the accounting party, under said section 257, may not personally be charged for assets not coming into his hands, he is, however, to " account for the acts and doings of the decedent ", which account, in effect, becomes his own for the purpose of judicial scrutiny (see *Matter of Moore,* 169 Misc. 336, 337, and cases cited therein). It is therefore apparent that one who accounts, under section 257, whether voluntarily or by compulsion, for the acts of his deceased fiduciary, is, in effect, an accounting party except that he has no personal liability. It is he, the legal representative of the deceased fiduciary, and not the court, who states the account, the court merely taking the account as presented and, after hearing, making the necessary order or decree.

The distinction that exists where a legal representative of a deceased fiduciary accounts for the acts of the latter (§ 257) as compared with the situation at bar of an executrix acting " for and on behalf " of a removed coexecutor (§ 260) may be better understood by a reading of the *Morrell* opinion (*supra*) in conjunction with *Matter of Macauley* (161 Misc. 525) where one of two executors accounted, the other wholly ignoring the order to account. With respect to the nonaccounting party the court said, at page 527: " He is bound by the order nevertheless and the court has power, notwithstanding his contumacy, to state his account from any sources available to the court. (Surr. Ct. Act, § 260.) " And, further, at page 532: " In view of the contumacy of the nonaccounting executor the court will adjust his account on the basis of the gross estate reported by the accounting executor and will adjudge that he has with his co-executor all the assets received by them less only the amount expended for debts and administration expenses."

While in the *Macauley* case (*supra*), unlike this, one of the accountants rendered an account of his own acts, one fact is clear, namely, that when the Surrogate, under the powers afforded to him by section 260 of the Surrogate's Court Act, stated the account of the nonaccounting party " from any sources available to the court ", the other party could not be subjected to an examination under section 263 with respect to the account of the defaulting fiduciary stated by the court, for this section permits an examination of the fiduciary only with respect to matters relating to *his* administration of the estate or fund. By the same token, the petitioning executrix herein, who has not rendered her own accounting or adopted the pending accounting, may not be examined pursuant to section 263 with respect to information she has made available to the court from which it is enabled under section 260 to " take and state " the account of the removed executor. It is equally clear that the petitioning party may not in the pending proceeding be examined by the surety pursuant to section 263 as to her executorial acts in connection with the administration of the estate. The pending proceeding did not originate under section 257-a of the Surrogate's Court Act, relating to " Compulsory judicial settlement on motion of surrogate ", or by petition of the executrix in her fiduciary capacity pursuant to paragraph d of subdivision 3 of section 259 of the Act.

Here there was a prior proceeding by the executrix to revoke the letters testamentary issued to the executor and to remove him, " and for such other and further relief as might be just and

equitable ''. The order of revocation and removal also directed the removed executor to account which he failed to do. As a result, section 260 of the Surrogate's Court Act was invoked by the executrix. Since the petitioning party, as executrix, was not a person interested or entitled to institute a proceeding under section 99 of the Surrogate's Court Act in her representative capacity and could only move in her individual capacity as beneficiary (*Matter of Parnes*, 263 App. Div. 872, 873, and cases cited therein), it becomes clear that she appears in the instant proceeding as an interested party in a capacity other than as an *accounting* party.

Under the circumstances presented herein, the request for an examination may not be allowed and the motion for the examination and production of books, papers and records pertaining to the estate is denied.

The surety is directed to serve and file its objections within ten days after the service upon its attorneys of a copy of the order to be entered herein.

Submit order, on notice, accordingly.