In the Matter of the Accounting of WELLES V. MOOT, as Surviving Trustee under the Will of HOYT R. SHEHAN, Deceased.

Surrogate's Court, Erie County, November 28, 1952.

*Dana B. Hellings* for surviving trustee, petitioner.

*Brown, Kelly, Turner & Symons* for William J. Trepagnier, as administrator with the will annexed of Henry H. Roberts, deceased, objectant.

BUSCAGLIA, S. After the surviving testamentary trustee herein had filed his accounts and petitioned for a judicial settlement, the administrator with the will annexed of one of the life beneficiaries filed objections to the accounts and now seeks an order requiring the surviving trustee to be examined and to produce certain books and records.

One of the principal assets of the trust was a block of 19,656 shares of the common stock of the Wildroot Company, Inc. One Henry H. Roberts was one of the life beneficiaries of the trust, and Welles V. Moot, the surviving testamentary trustee and the accounting party herein, was the residuary legatee of three-quarters of the trust. Mr. Moot was also a stockholder, director, officer, and counsel of the Wildroot Company, Inc.

The basis of the objection is the charge that Mr. Moot, the trustee, so conducted himself in his various capacities as an officer and director of the company as to cause the value of the company to be greatly enhanced, though less was realized in the

form of dividends. In other words, Mr. Moot is alleged to have caused his own interest as remainderman to increase in value at the expense of the life beneficiary. He therefore, says the objector, was unfaithful to his fiduciary duty. The objections also challenge the propriety of the sale of a certain piece of real estate belonging to the estate.

The objector has obtained an order directing the surviving trustee to show cause why he should not be examined before trial as to his conduct as trustee and as a corporate officer and director of the Wildroot Company, Inc. The petition also requests that the trustee be compelled to produce numerous books, records and correspondence of the corporation, as well as of the trust.

The first point of disagreement between the parties is a procedural one. The trustee claims that the sole authority for the examination of an accounting party is to be found in section 263 of the Surrogate's Court Act. The objector, on the other hand, claims that an examination before trial may be had pursuant to sections 288 and 296 of the Civil Practice Act, by virtue of the provisions of section 316 of the Surrogate's Court Act, which makes applicable to the Surrogate's Court the provisions of the Civil Practice Act. The court is of the opinion that under these circumstances section 263 of the Surrogate's Court Act is the proper authority for such an examination. (*Matter of Ebbetts,* 149 Misc. 260; *Matter of Van Valkenburgh,* 128 Misc. 819, affd. 226 App. Div. 10.) The court does not feel, however, that this difference has any materiality since, as stated by Surrogate FOLEY in *Matter of Van Valkenburgh* (*supra,* p. 822) the relief granted by the Civil Practice Act is not available, '' because the Surrogate's Court Act furnishes complete authority for such an examination.'' (See, also, *Matter of Britsch,* 128 Misc. 219.)

On this motion, the chief question is to what extent the surviving trustee may be examined.

It is well settled that in the law there is a very real distinction between the acts and conduct of an executor as such, and his acts and conduct as an individual. '' The existence of this dual personality has received frequent and uniform recognition.'' (*Matter of Ebbetts, supra,* p. 267.) Thus, in the ordinary case, when an accounting party is sought to be examined, he may be examined only as to his acts in his fiduciary capacity. Indeed, section 263 specifically states that an examination may be had '' as to any matter relating to his administration of the estate or fund.'' It is also true, however, that under section 40 of the Surrogate's Court Act, the Surrogate is empowered to '' admin-

ister justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears ·in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.''

Under this broad grant of legal and equitable jurisdiction the Surrogate has the power to determine whether or not the acts and conduct of a legal representative, though not acting in his fiduciary capacity, so closely affect the proper performance of his duty as to justify the court's scrutinizing these individual acts along with the performance of his duties as legal representative. This being so, it follows that, in a proper case, a legal representative may be examined under section 263 as to his acts as an individual when such acts are alleged to have seriously and adversely affected the administration of his trust. (*Matter of Pritchard*, 36 N. Y. S. 2d 997.)

This trustee had an intimate and many-sided relationship with the Wildroot Company, Inc. He is an individual stockholder of the company; by the terms of the trust in question he acquires another large block of stock; he has been an officer, director and counsel of the corporation and, of course, a trustee administering another large block of the corporate stock. While we recognize the dual capacity of the accounting party, first as trustee and then as an individual officer and director of the company, it would be unrealistic for the court to be so bound by a legal fiction as to ignore the fact that these two roles are closely connected and are, in fact, the basis of the litigation. It follows, then, that the trustee may be examined as to his acts and conduct as a corporate officer and director, insofar as those acts might affect the administration of the trust.

It does not sufficiently appear, however, that the trustee maintained such control over the affairs of the corporation as would justify the court in directing that corporate books and records be produced. The corporation itself is no party to the proceeding, nor may the court so far extend the scope of the examination of the trustee as to include a direction that the books of the corporation be produced. (*Matter of Ebbetts, supra*; *Matter of Sullivan*, 169 Misc. 16; *Matter of Schrier*, 81 N. Y. S. 2d 467.)

Settle order on notice.