In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Executor of WILLIAM K. VANDERBILT, Deceased.

Surrogate's Court, Suffolk County, July 19, 1955.

*Gasser & Hayes* for executor.

*Lawrence R. Condon* for Herbert P. Van Ingen and others, petitioners.

HAZLETON, S. In this accounting proceeding, Herbert Pratt Van Ingen, father of Herbert Pratt Van Ingen, Jr., and Serena V. Van Ingen; William Hutton, father of Consuelo Virginia Hutton and Linda Fair Hutton; and Augustus G. Paine, father of Helen Ellis Paine, have petitioned the court to appoint an attorney nominated by them to act as special guardian for their infant children, all of whom are under the age of fourteen years.

Section 64 of the Surrogate's Court Act which provides for the appointment of a special guardian, reads in part as follows: " § 64. *Special guardian; when to be appointed.* Where a party, who is an infant, does not appear by his general guardian; or where a party, who is a lunatic, idiot, or habitual drunkard does not appear by his committee; or where any party is an infant, or an habitual drunkard, or for any cause is mentally incapable adequately to protect his rights, although not judicially declared to be incompetent to manage his affairs, the surrogate must appoint a competent and responsible person, to appear as special guardian for that party. Where an infant appears by his general guardian, or where a lunatic, idiot, or habitual drunkard, appears by his committee, the surrogate must inquire into the facts, and must, in like manner, appoint a special guardian, if there is any ground to suppose that the interest of the general guardian or committee is adverse to that of the infant, or incompetent person; or that for any other reason the interests of the latter require the appointment of a special guardian. Where there are unknown persons, or persons whose whereabouts are unknown, the surrogate may, in his discretion, appoint a special guardian for such persons. A person cannot be appointed such a special guardian who is nominated by any party; but this prohibition shall not preclude an infant over fourteen years of age from nominating his own special guardian."

Nothing in section 64 expressly authorizes an application by a parent for the appointment of a special guardian. Nevertheless, it is contended by petitioners that this section impliedly contemplates the procedure which they have initiated. They argue that the clause which prohibits the appointment of a special guardian upon the nomination of a party must be construed to mean that one not a party may make such a nomination. With this reasoning this court cannot concur. The obvious purpose of the Legislature in using the specific words employed was simply to emphasize the intent that a special guardian to be appointed under section 64 may not be one who is nominated by any party to the proceeding, with the exception, of course, of a nomination made by an infant over the age of fourteen years. To say that these words of prohibition spell out the authority to pursue the affirmative relief sought under these petitions is to strain their simple meaning far beyond their intendment.

It seems, therefore, that the petitions presented by these parents are unauthorized and must be rejected unless, as peti-

tioners contend, the provisions of section 203 of the Civil Practice Act are found to be applicable. The pertinent portion of section 203 of the Civil Practice Act provides: " § 203. *Application for guardian ad litem*. The guardian must be appointed upon the application of the infant if he is of the age of fourteen years or upwards, or if he is under that age upon the application of his general or testamentary guardian if he has one, or of a relative or friend; and in the case of an infant defendant if no such application shall have been made the application may be made by any other party to the action."

Petitioners urge that the provisions of section 203 above quoted, are controlling upon the Surrogate anent the appointment of a special guardian, by virtue of the requirements of section 316 of the Surrogate's Court Act, which reads: " § 316. *Certain provisions made applicable to proceedings in surrogates' courts*. Except where a contrary intent is expressed in, or plainly implied from the context of this act, a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied * * * without regard to its form."

In effect, the purport of section 316 of the Surrogate's Court Act is to render applicable to proceedings in the Surrogate's Court the provisions of the Civil Practice Act in those instances where adequate provision therefor is not found in the Surrogate's Court Act. Where it appears, however, that complete relief in a given situation can be obtained by recourse to the Surrogate's Court Act, then no necessity exists to invoke the provisions of the Civil Practice Act. For example, in *Matter of Britsch* (128 Misc. 219, 220) Surrogate FOLEY stated: " In proceedings brought exclusively for an accounting the Surrogate's Court Act, therefore, furnishes complete opportunity for examination and does not require resort to the relief given by the Civil Practice Act." Similarly, in *Matter of Van Valkenburgh* (128 Misc. 819, 822), the same learned Surrogate repeated this view when he said: " In *Matter of Britsch* * * * I pointed out that the provisions of the Civil Practice Act relating to an examination of a party before trial have no application to the examination of a representative under section 263 of the Surrogate's Court Act, because the Surrogate's Court Act furnishes complete authority for such an examination." Of like tenor is the more recent decision in *Matter of Shehan* (203 Misc. 658), where the court held, at page 659, that " the relief granted by the Civil Practice Act is not available, ' because the

Surrogate's Court Act furnishes complete authority for such an examination.' ''

In this court's judgment, section 64 of the Surrogate's Court Act furnishes the complete machinery required to protect the interests of these infants who are under the age of fourteen years, by directing the Surrogate to appoint a competent and responsible person to act as special guardian in their behalf. By reason thereof, and in the light of the authorities referred to, no recourse need or should be had to section 203 or any other section of the Civil Practice Act. Section 316 of the Surrogate's Court Act performs a most useful function when the application of its provisions becomes necessary. Such necessity is lacking here.

The court accordingly declines to entertain these petitions.