Samuel Fails, S.
This is a proceeding by a coexecutor for leave to resign and for the judicial settlement of his accounts as executor. Certain of the residuary legatees seek the consent of the Surrogate to the transfer of an action pending in the Supreme Court of Few York County to determine the title to premises known as 13 East 69th Street in Manhattan. Such residuary legatees have- also interposed an answer and cross petition requesting the reopening of a prior proceeding for the removal of the coexecutrix who has not joined in the petition or adopted the account.
In compliance with a decision of this court dated March 12, 1956, the petitioner has filed his account as coexecutor. The accounting executor alleges that there is insufficient personalty to defray administration expenses and debts, and that it will be necessary to sell real property for the purpose of discharging estate obligations. Included in the account as an estate asset is the parcel of real property in Manhattan known as 13 East 69th Street. The coexecutrix has interposed objections to the account, one of which alleges that said premises should not be included in the account as an estate asset. During the pendency of this proceeding the coexecutrix in her individual capacity *240 commenced an action in the Supreme Court, New York County, under article 15 of the Beal Property Law to determine title to said premises. On February 3, 1956, this court issued an order directing the petitioner and his co executrix to show cause why the consent of the Surrogate should not be given to the transfer to this court of the action pending in the Supreme Court of New York County relating to the ownership of the premises known as 13 East 69th Street. The coexecutrix opposes the transfer of such action to this court, although the objections interposed by her raise the same questions as are raised in the Supreme Court action. The purpose of permitting an action to be transferred to the Surrogate’s Court is to expedite the settlement of estates. (Matter of Levine, 153 Misc. 109.) The contention of the co executrix that the action pending in New York County is not transferable to this court because it is an action in equity rather than one at law is rejected. (Vormbaum v. Murrow, 118 N. Y. S. 2d 341.) In Matter of Katz (192 Misc. 537), Surrogate Delehanty overruled the objection that an equity action is not transferable under section 190-a of the Civil Practice Act, and stated: “ It is now the settled policy of the Supreme Court to concentrate in the Surrogate’s Court all matters affecting the administration of estates ”.
Accordingly, the application for consent to the transfer to this court of the action now pending in the Supreme Court, New York County, is in all respects granted.
Settle order.
The answer and cross petition requests in part that a prior proceeding for the removal of the coexe'cutrix, which was terminated by a decree of this court pursuant to a stipulation, be reopened in the event that Paul Ezra Lord, the petitioner, is permitted to resign. The coexecutrix has moved for partial summary judgment upon the grounds of res judicata with respect to that portion of the answer and cross petition which seeks to reopen the prior proceeding to remove her.
The petitioner seeks to resign as executor on the basis of the alleged refusal by the coexecutrix to co-operate with him in the orderly administration of the estate. Prior to the appointment of petitioner as coexecutor certain of the residuary legatees had instituted a proceeding to remove the coexecutrix. The proceeding to remove the co executrix was terminated by a decree of this court entered pursuant to a stipulation which *241 denied the petition to remove the co executrix and provided for the appointment of a coexecutor. The court denies the motion by the co executrix for partial summary judgment on the grounds that the decree terminating the proceeding for the revocation of her letters was predicated upon and made subject to a stipulation which in part provided that “ Paul Ezra Lord continue to act as such executor jointly with Dorothea Alexandra Shearn until the settlement of the final account of the said executors.” Accordingly, if the agreement were breached by the failure of the coexecutrix to cooperate in the proper administration of the estate, the parties affected should not be summarily denied the right to apply for the reopening of the prior decree, especially in view of the provision therein that if ‘ Paul Ezra Lord shall cease to act as co-executor * * * the petitioners in the above captioned removal proceedings may apply to this Court for additional relief.” The defense to which the motion is directed involves issues of fact which cannot be determined upon affidavits.
Settle order.
The motion by the coexecutrix to examine one of the respondents as an adverse party before trial under section 288 of the Civil Practice Act is opposed upon the ground that respondent’s health will be impaired if he is compelled to appear in court and submit to an examination. The court determines that the matters concerning which an examination is sought are material and necessary and in its discretion grants the motion for the examination as to the items requested. The time and place of such examination will be fixed on the settlement of the order to be made herein unless the attorneys for the respective parties stipulate as to the time and place of such examination.
Settle order.
The respondents will not be permitted to examine the coexecutrix under section 263 of the Surrogate’s Court Act because she is not an accounting party. (Matter of Cordes, 186 Misc. 265.) However, since the testimony being sought is material and necessary, the court in its discretion grants the motion for the examination of the coexecutrix as an adverse party under section 288 of the Civil Practice Act.
Settle order.
*242 The motion by a residuary legatee who is also a coexecutrix, who has neither joined in nor adopted the account, for an examination of the accounting executor pursuant to section 263 of the Surrogate’s Court Act, is granted.
Settle order.