John D. Bennett, S.
One of the coexecutors, Jesse Chinich, in a proceeding herein to compel his coexecutor and successor coexecutrix to render and settle their accounts, requests an examination pursuant to section 263 of the Surrogate’s Court Act, in which he seeks to inquire into certain corporations in which the decedent had substantial interests.
The decedent together with Mr. Becker, one of the co executors, were co-owners in a loose federation called the Bugoff-Becker Chain of Theatres. This chain of theatres consisted of various corporations in which the decedent usually owned 50%, the remaining 50% being held by Mr. Becker.
The coexecutors concede that Mr. Chinich, in his position as one of the three executors, is entitled to a limited examination. The question to be determined, therefore, is the extent of the examination which the court should permit.
Mr. Becker, through his attorney, claims that a disclosure of the books and records of the corporation known as the Bugoff-Becker Theatre Chain will necessarily disclose to the public highly confidential information respecting corporate practices. More specifically it is asserted that Mr. Chinich, formerly employed by the Bugoff-Becker Theatre Chain and now employed by the Walt Disney organization, holds a position in a corporation which can allegedly take advantage of any confidential information gleaned from the examination.
The first question which should be disposed of is whether the coexecutors may be compelled to disclose corporate transactions fully without considering the complicating issue relating to confidential matters. In this connection it was stated in Matter of Witkind (167 Misc. 885, 893): “It is not disputed that where a corporation is wholly owned by an estate full report of corporate transactions may be exacted of the fiduciaries. Acknowledging this principle to be correct the fiduciaries here have already made such an account in respect of the affairs of *1054 Witkind Estates, Inc. It is also an established principle that in the ordinary case where an estate has only a minority interest in a corporation the fiduciaries cannot be required to render an account of corporate transactions. This principle is one of practical necessity. Fiduciaries cannot be ordered to do what is impossible. But where as here the fiduciaries control a corporation by the help of the estate stock interest added to the stock interest held personally by one of them they are not disabled to make such accounts and are, therefore, under obligation to do so. There is nothing sacrosanct about a corporation. It is not an impenetrable screen behind which facts may be successfully hidden.”
Also in Matter of Hubbell (59 N. Y. S. 2d 325, 327, affd. without opinion 270 App. Div. 947) the husband and wife each owned 50% of the stock of a corporation. The husband was a cotrustee of a trust created by the wife’s will. In an accounting proceeding it was held that the remaindermen could examine the trustees under section 263 of the Surrogate’s Court Act regarding corporate affairs. When the case reached the Court of Appeals, the court stated: ‘ ‘ Where, as here, the trustees own, in their individual and representative capacities, the entire outstanding stock of a corporation [as fiduciary], that duty extends not only to the trust estate as such but also to the operations of the corporation.” (302 N. Y. 246, 254.) (See, also, Matter of Rappaport, 96 N. Y. S. 2d 741; Matter of Ebbets, 149 Misc. 260; Matter of Barrett, 168 Misc. 937.)
With respect to the power of the Surrogate to order an examination into the conduct of corporations in which the estate has a substantial interest and to direct a fiduciary to produce all information within its control which bears upon the estate, the court in Matter of Shehan (203 Misc. 658, 659-660) said: “ Thus, in the ordinary case, when an accounting party is sought to be examined, he may be examined only as to his acts in his fiduciary capacity. Indeed, section 263 specifically states that an examination may be had ‘ as to any matter relating to his administration of the estate or fund.’ It is also true, however, that under section 40 of the Surrogate’s Court Act, the Surrogate is empowered to ‘ administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make *1055 a full, equitable and complete disposition of the matter by such order or decree as justice requires. ’
“ Under this broad grant of legal and equitable jurisdiction the Surrogate has the power to determine whether or not the acts and conduct of a legal representative, though not acting in his fiduciary capacity, so closely affect the proper performance of his duty as to justify the court’s scrutinizing these individual acts along with the performance of his duties as legal representative. This being so, it follows that, in a proper case, a legal representative may be examined under section 263 as to his acts as an individual when such acts are alleged to have seriously and adversely affected the administration of his trust. (Matter of Pritchard, 36 N. Y. S. 2d 997.) ”
Mr. Chinich also requests all books, papers and records of the corporation involved. Subdivision 1 of section 296 of the Civil Practice Act provides that if the deposition is to be taken pursuant to an order, the order may require, in a proper case, the production of books and papers in the custody of the party to be examined, as to the contents of which an examination or inspection is desired. The court is of the opinion that it would be fruitless to order an examination of the accountants without also directing that the books and records of the corporations involved be submitted upon such examination. With respect to this point, the court in Matter of Shehan (285 App. Div. 785, 796) stated: “We think that in every case in which a trustee may properly be examined as an officer and director of a corporation, to the same extent, and by the same reasoning, he may be directed to produce on his examination the corporate books and records so far as they relate thereto, and are in his custody. Otherwise, the examination is likely to be worthless.” The apprehension on the part of the coexecutors to be examined that the examination will reveal secrets of the theatre chain to outsiders, and specifically to Mr. Chinich, is not supported by any evidence, but only by mere oral statement of counsel at the hearing. In the verified petition of Jesse Chinich to compel his coexecutors to account, he states that one of the main reasons he left the Rugoff-Becker Theatre Chain was because he “ believed that his employment by Rugoff & Becker had the effect of restricting his independence as an executor, for by this date it was clear to petitioner that his coexecutors were not in the least bit interested in having the estate tax proceedings expedited or in having the estate trusts established for the benefit of the trust beneficiaries.” He further alleges in his verified petition, 1 ‘ When petitioner left the Rugoff & Becker employ he was required to and did resign from the *1056 Rugoff and Becker corporations and has not had any connection with said corporations since that time.”
A searching examination will not be deflected by mere assertion or apprehension. In Matter of Barrett (168 Misc. 937, 938) the court said: “As respects the executor’s fear that this examination may convert secrets of the business into public property it is enough to say that should this somewhat fanciful danger prove to be in any sense real counsel may come before the court for specific rulings on specific questions.”
An additional order should be submitted herein consolidating the voluntary accounting and involuntary accounting proceedings. (Surrogate’s Ct. Act, § 260.)
Settle orders on five days’ notice in accordance with this opinion.