John D. Bennett, S.
In this accounting proceeding the executor moves to modify or vacate a notice to examine him, pursuant *662 to section 288 et seq. of the Civil Practice Act and section 263 of the Surrogate’s Court Act.
The executor contends that an examination pursuant to section 263 is improper since objections have already been filed. However, examinations of accountants under section 263 have been allowed, both prior and subsequent to the filing of objections (Matter of Walzer, 8 A D 2d 971). Since there are distinctions between examinations pursuant to section 288 and to section 263 (Matter of Walzer, supra), the objectant will be allowed to proceed under both provisions in his examination of the executor.
The notice to examine also requires the executor to produce upon the examination the books and records of Reveler Jrs., Inc., and Helene Juniors, Inc. The executor denies that he is an officer or controls the books and records of Reveler Jrs., Inc., but makes no such allegations with regard to Helene Juniors, Inc., merely saying that as to that corporation the books and records of a third party must be produced pursuant to an order and not pursuant to a notice.
In Matter of Rugoff (8 Misc 2d 1052) this court quoted with approval from Matter of Shehan (285 App. Div. 785) to the effect that whenever a trustee may properly be examined as to the affairs of a corporation, by the same reasoning he may be directed to produce such corporation’s records on his examination insofar as they relate thereto and are in his custody. As there indicated the examination may otherwise be of little value.
The question whether the executor here is examinable as to corporate affairs cannot on the present papers be determined, for that would necessarily involve an assessment of the interest of the estate together -with any interest of the fiduciary in the corporations (see, e.g., Matter of Rugoff, supra and cases there cited). Another inability to resolve the question stems from the executor’s denial that he has custody or control of the corporate records of Reveler Jrs., Inc. Although this is controverted by the objectant, a determination of that question is not possible on the present papers.
The court accordingly directs that the examination of the executor proceed at a time and place to be fixed in the order to be submitted hereon, and that at such time the above questions may be determined by the court. In the event that the objectant discovers that the corporate records of both corporations are not in the custody of the executor, and provided further that such records relate to matters upon which the executor is examinable, their production may nevertheless be required by subpoena duces tecum issued against the person having custody (Civ. Prac. Act, § 296, subd. 2).