■ In the Matter of the Estate of THEODORE LUCE, Deceased. CHEMICAL BANK NEW YORK TRUST COMPANY, as Cotrustee under the Will of THEODORE LUCE, Deceased, et al., Respondents; NANCY L. PUTNAM, Individually and as Cotrustee under the Will of THEODORE LUCE, Deceased, Appellant.— In a proceeding by the above-named bank to judicially settle its account as one of the trustees of a testamentary trust, and for other relief, the cotrustee, Nancy L. Putnam, appeals from an order of the Surrogate's Court, Queens County, entered April 26, 1962, which granted respondents' motion, made pursuant to section 263 of the Surrogate's Court Act and section 288 of the Civil Practice Act, to direct said cotrustee to appear for examination on stated items and to produce certain books and records in connection therewith. The appellant cotrustee, individually, is the majority stockholder in two corporations; the trust is the minority stockholder therein. The order appealed from directed a broad examination of the appellant cotrustee with respect to the affairs of said corporations and with respect to her activities as one of the testamentary trustees. Order affirmed, with one bill of costs to the respondents, payable out of the estate. The examination shall proceed on 20 days' written notice or on any other date mutually fixed by the parties. In our opinion, although, through her individual stockholdings the appellant cotrustee is in control of the corporations, she is under a duty to make a complete disclosure of all relevant data pertaining to the trust estate. Since there is a possible conflict of interest in her dual position as individual stockholder and as trustee, the Surrogate, in the exercise of discretion under his broad powers in accounting proceedings, properly directed her to submit to examination (*Matter of Barrett*, 168 Misc. 937; Surrogate's Ct. Act, §§ 40, 263; cf. *Matter of Sullivan*, 255 App. Div. 1008). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of NICHOLAS F. RUBINO, Appellant, v. EMPIRE HEATING CORPORATION et al., Respondents.— In a proceeding by a corporate stockholder, pursuant to article 78 of the Civil Practice Act, to compel the production of the corporation's records for his inspection, in which the petitioner, by order of the Supreme Court, Kings County, dated September 20, 1956, was granted the right to such inspection, the petitioner appeals from an order of said court, dated March 13, 1962, which: (a) granted his application for reconsideration of his motion to punish the respondents for contempt by reason of their alleged willful and deliberate failure to comply with such inspection order; and (b) upon such reconsideration, adhered to the original determination (made by order dated Nov. 24, 1958) denying such motion. The orders of September 20, 1956 and November 24, 1958 have been the subject of prior appeals to this court (see *Matter of Rubino* v. *Empire Heating Corp.*, 2 A D 2d 988, 11 A D 2d 1065, 12 A D 2d 652). Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.