John J. McCall, J.
There is before the court a motion for on order of protection with respect to notices received by the respondent objectants to examine the petitioners before trial. The examination sought was with respect to evidence material and necessary in the prosecution of the objections filed to the petitioners’ accounts. There was a notice to produce all records relating to all transactions relating to the administration of the estate.
On October 31, 1968, the respondents conducted a full examination of the accounting executors pursuant to the provisions of SCPA 2211 and said petitioners were questioned as to all matters .set forth in the account and relating to their administration of the estate. Subsequently the respondents filed objections which relate to that same conduct. Respondents now seek an examination of the same parties on the same subject matter pursuant to article 31 of the CPLR. It would appear from the records of the court and the notice and supporting affidavit that the petitioners are now sought to be examined in their same fiduciary capacity and concerning the same subject matter, to wit, their conduct in the administration of the estate.
The law, in its wisdom, frowns on the duplication of effort when no useful purpose is to be served by the expenditure of the .same. The procedures are not completely identical, although both are disclosure devices and inquisitorial in nature. The SCPA endeavor can reach only the fiduciary in his capacity as such and only on matters connected with the account and his management and administration of the estate. The CPLR remedy is .available against all parties to the proceeding, including distributees, legatees and adverse claimants and creditors and the fiduciaries, in their representative and also if the case be .such, their individual capacities. The statement that the procedures are different and therefore, the use of one does not foreclose the other should be examined with care and caution.
The provisions of the CPLR apply to all proceedings in Surrogate’s Court except where the SCPA provisions cover the matter in hand. Following this principle, some landmark cases indicate the CPLR provisions cannot be applied to Surrogate’s Court when a 2211 procedure is available. In Matter of Van Valkenburgh (128 Misc. 819, 822) Surrogate Foley pointed out that the provisions of the Civil Practice Act (now CPLR) relating to the examination of a party before trial have no application to the examination of a representative under section 263 of the Surrogate’s Court Act (now SCPA 2211) becahse the SCPA furnished complete authority for that examination (Matter of Britsch, 128 Misc. 219). In Matter of Shehan (203 Misc. 658) *722 objectant to the accounts of a trustee obtained a show cause order against the trustee to be examined before trial. The trustee challenged the procedure and the court held section 263 the authority for the examination (Matter of Ebbetts, 149 Misc. 206). The difference had no materiality in the case, but there was a holding that the authority for the examination was in section 263 of the Surrogate’s Court Act. If SCPA method is the way to proceed in the first instance, and complete steps are taken in that direction, movement pursuant to CPLR is merely repetitive at best and is not to be permitted except perhaps in unusual circumstances not present here.
In Matter of Mendelson (28 Misc 2d 661) the court simply disregarded the label put on the examination when both procedures were put in the notice. The objection to the procedure was immaterial; one examination was to be held and was held. It is no authority for the proposition that both examinations may be successively held on the same subject matter.
Matter of Walzer (8 A D 2d 971) did permit one examination to follow the other but the notice indicated new matter the second time around. In addition the court noticed the presence of special circumstances that made denial of the second examination an abuse of discretion.
If the examination of the fiduciary goes beyond representative status, creditor, distributee, legatee, etc., a second examination might be appropriate. (Matter of Socolof, N. Y. L. J., Nov. 13, 1967, p. 31, col. 3; Matter of Chyat, 60 N. Y. S. 2d 390.)
The thrust of the respondents’ argument seems to be that since an examination before trial is available under the statute there should be one. The older cases indicating resort must first be had to the SCPA seem to be passé, for later decisions seem to indicate the relief is available under either section (Matter of Mendelson, 28 Misc 2d 661; Matter of Toolan, 16 Misc 2d 536; Matter of Keren, 206 Misc. 769). However, none of the cases deal with the proposition that one examination may follow the other as of course just because both remedies exist' in the law. The SCPA examination is broad and general, reaching out to a party’s entire course of conduct in the administration of the estate; the CPLR probe is limited to matter material and necessary to the lawsuit (the pleadings generally delineate the area of inquiry). Once the general one is had, it seems unnecessary to have a limited one on the same subject matter. To automatically grant the second examination would be to place form ahead of substance. The purpose of either examination is to lay bare the truth; unnecessary dual interrogation will deter appropriate action on said truth once revealed.
*723 Here the parties are the same, sought to be examined in the same capacity, on the same subject matter a .second time. There being no special circumstances present to prompt the court, in its discretion, to permit entrance .again into the exploratory phase of this lawsuit, the motion to vacate the notice of examination is granted.