Millard L. Midonick, S.
A proceeding was instituted in this court pursuant to SCPA 2205 for a compulsory accounting *301 and the application was granted (Matter of Meisler, NYLJ, July 30, 1975, p 12, col 4). An order was never submitted in accordance with this decision directing the account. However, an account was filed by one of the executors.
The party who sought the compulsory account, the widow of decedent and a claimant against the estate, now seeks to have the coexecutrix, Bessie Alalouf Meisler, accept or reject, in whole or in part, the accounting filed by her coexecutor. Petitioner further asks that coexecutrix Bessie Alalouf Meisler be directed to appear for examination as to any and all matters relating to her administration of the estate pursuant to SCPA 2211. The accounting coexecutor who has rejected claims against the estate asserted by the petitioner has been examined.
The accounting executor has filed a cross motion to strike the objections to the account on the grounds that the objectant has failed to execute and return the original transcripts of her deposition and continued depositions together with photocopies of exhibits and additional documents which it was agreed the objectant provide.
The respondent coexecutrix alleges by her attorney that she is not in possession of any estate assets and was not involved in the day-to-day administration of the estate. Coexecutrix further alleges that she may file objections to the account of her coexecutor and that the court should not deprive her of such right in the event she decides to exercise such right.
In Warren’s Heaton, Surrogates’ Courts (vol 4A, 4th ed, § 379, par 12) it is stated:
"In some cases where there is more than one representative the account may be filed by one of them only. This may result from the absence of one of the representatives, from a dispute between the parties or some similar cause. Question may thereafter arise, however, as to whether the representative who failed to join in the account was discharged by the decree. It would seem that it would not be necessary for him to do anything other than participate in the accounting. It has been held in effect that he would be regarded as having joined in the account where he did so participate in the accounting proceeding without objecting to the account so filed.
"It is, however, customary for the representative not joining in the account under those circumstances to file an affidavit by which he adopts the account filed by his co-representative. While strictly speaking doing this may not be essential, it has *302 the advantage of placing the non-accounting representative on the record and may prove of value.”
While the court may direct a party to account (SCPA 2205) there is no precedent for directing a party to adopt an account, and this is so particularly where a cofiduciary may wish to object to the account or to file an account. If petitioner believes the cofiduciary has estate assets, an accounting by the cofiduciary would be necessary. An account should be filed by the cofiduciary in accordance with the court’s prior decision Matter of Meisler, (NYLJ, July 30, 1975, p 12, col 4), even if it shows that no assets came into her hands. In view of the foregoing the branch of petitioner’s application seeking a direction that the cofiduciary accept or reject, in whole or in part, the accounting filed is denied.
With respect to the request to examine the nonaccounting cofiduciary, it has been held that a cofiduciary who neither files his own account nor adopts that of his cofiduciary cannot be examined pursuant to SCPA 2211 (formerly Surrogate’s Ct Act, § 263). (Matter of Cordes, 186 Misc 265). Examination under this section (SCPA 2211) can reach only a fiduciary in his capacity as such and only on matters connected with the account he has filed and his management and administration of the estate; examination under CPLR 3103 is available against all parties to the proceeding, including distributees, adverse claimants, creditors and fiduciaries, in their representative and individual capacity; thus although both are disclosure devices and inquisitorial in nature, they are not completely identical (Matter of Coyle, 61 Misc 2d 720). Accordingly, the request to examine the cofiduciary Bessie Alalouf Meisler pursuant to SCPA 2211 is denied. The cofiduciary may be examined in her individual capacity pursuant to CPLR 3101, and in this respect the court directs that the examination proceed by interrogatories. The cofiduciary resides outside the State, and it appears that the limited information she can supply can be developed by interrogatories.
The objectant has executed and delivered the transcripts of her deposition; however, it is claimed that she has not furnished an additional document required under the terms of the examination. The document in question relates to a claim by another party which matter can be resolved on the accounting. The cross motion to strike objections is rendered moot and is marked withdrawn.