■ In the Matter of GEORGE K. HAMBLETON, JR., as Executor of CATHERINE HAMBLETON, Deceased, Respondent. MICHAEL J. STACHOWSKI, P. C., as Guardian ad Litem, et al., Appellants. [609 NYS2d 463] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Surrogate's Court properly granted the protective order on the ground that the discovery sought of the executor of the estate of Catherine Hambleton (decedent) under CPLR article 31 was duplicative of the earlier examination of the executor held under SCPA 2211 (2) *(see, Matter of Coyle,* 61 Misc 2d 720). The matters sought to be examined were thoroughly and comprehensively explored in the earlier examination. There were no new matters or special circumstances shown to justify a further examination of the executor. Because the estate's accountant was not permitted to be questioned in that examination, however, we modify the order by permitting his deposition to be taken and by requiring production of the documents sought in item 2 of Schedule "A" of the subpoena from 1975 to date.

The Surrogate also properly barred discovery with respect to decedent's withdrawal of a note from a marital trust created by the will of decedent's late husband. The note,

payable to the husband's estate, was executed by decedent's son, a co-executor of the estate and a co-trustee of the trust. The trust was judicially settled on September 26, 1989, and the distribution of the note from the trust was encompassed in the decree of judicial settlement; the propriety of that distribution is res judicata (see, Matter of Haas, 33 AD2d 1, 7, appeal dismissed 26 NY2d 646, lv denied 26 NY2d 842). (Appeals from Order of Erie County Surrogate's Court, Mattina, S.—Judicial Settlement.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.