OPINION OF THE COURT
Larry M. Himelein, J.
Respondents, two of decedent’s three children, have filed a *480 demand for the examination of the executrix pursuant to SCPA 2211 (2). Respondents have also served a “notice for discovery and production of documents” that requires the executrix to turn over to respondents certain documents prior to the examination. When the executrix refused to comply, respondents brought the instant motion seeking CPLR article 31 discovery prior to the SCPA 2211 examination.
Respondents contend that, because the SCPA does not provide for discovery, the CPLR discovery rules become applicable pursuant to SCPA 102. The executrix argues that the SCPA covers the SCPA 2211 examination and is therefore the exclusive remedy. Respondents counter that cases decided pursuant to the Civil Practice Act are irrelevant because discovery under the Civil Practice Act was attainable only by motion while the CPLR provides for much more liberal disclosure.
SCPA 2211 (2) gives an objectant the right to a broad examination of the proponent of the account (Matter of Grossman, 211 AD2d 409 [1st Dept 1995]). This statute provides for wider latitude than do the general discovery rules (supra). The various Surrogates, however, are not in agreement as to the scope of this examination. For example, in Matter of Stanley (59 Misc 2d 232 [Sur Ct, NY County 1969]), the court refused to limit this examination to matters relating to the executor’s administration of the estate, holding that the residuary legatee was entitled to ascertain whether all estate assets were accounted for and whether the executrix had failed to reduce all estate assets to his possession. Another court, however, concluded that the SCPA 2211 examination was limited to matters connected with the account that had been filed and the fiduciary’s management and administration of the estate (Matter of Meisler, 90 Misc 2d 300 [Sur Ct, NY County 1977]). This court believes the Stanley rule is more applicable here, especially since the dispute concerns, in part, transfers from the decedent to the executrix pursuant to a power of attorney.
Respondents argue that if they are not provided with the document discovery they have requested prior to the SCPA 2211 examination, they might never have the opportunity to thoroughly question the executrix about assets or transfers that come to light because of document discovery. That concern is not unwarranted. In Matter of Hambleton (202 AD2d 1051 [4th Dept 1994]), the Court, citing Matter of Coyle (61 Misc 2d 720 [Sur Ct, Albany County 1969]), barred a CPLR article 31 examination on the grounds that the matters sought to be examined had been “thoroughly and comprehensively explored” in a previously held SCPA 2211 examination.
*481 However, the Hambleton Court also noted that there were no new matters or special circumstances that justified further examination of the executor. Implicit in that decision is that if a proposed article 31 examination does not encompass matters previously addressed in the SCPA 2211 examination, the subsequent article 31 examination should be conducted (see, Matter of Welsh, 24 AD2d 986 [2d Dept 1965]; Matter of O’Connor, 19 AD2d 742 [2d Dept 1963]; Matter of Walzer, 8 AD2d 971 [2d Dept 1959]).
This court rejects respondents’ contention that the enactment of the CPLR mandates full CPLR discovery prior to a SCPA 2211 examination. The fact that the Civil Practice Act permitted discovery only by motion seems hardly relevant on the question of whether discovery is permitted prior to a SCPA examination. The Legislature was presumably aware of the discovery statutes and made no attempt to broaden the discovery available prior to a SCPA 2211 examination. Given the wide-ranging SCPA examination available (see, Matter of Grossman, supra), there appears to be no reason to read language into the statute that the Legislature did not write.
Accordingly, the instant motion is denied. However, because a thorough and comprehensive SCPA 2211 examination may be difficult without document discovery, a subsequent CPLR article 31 examination that encompasses matters not covered by the SCPA examination will be permitted. Moreover, to the extent that subsequent discovery requires revisiting issues addressed in the SCPA examination, that will also be permitted. It is up to the parties to determine how they wish to proceed. They may wish to agree to complete discovery and conduct one examination of the executrix about all matters. If they choose to conduct the SCPA 2211 examination first, then objections will be filed and the CPLR provisions for document discovery and an article 31 exam will follow.